## COMMONWEALTH *versus* EBENEZER EVANS.

In the 19th and 20th sections of *St.* 1827, *c.* 118, which provide, that whenever any person who shall be convicted of any crime, the punishment whereof shall be confinement to hard labor " for any term of years," shall have been before sentenced to a like punishment, he shall be sentenced to punishment in addition to that by law prescribed for the offence of which he shall be convicted, the words *term of years* embrace the case of a party who has been sentenced to confinement to hard labor *for life.*

Those sections were not repealed by *St.* 1832, *c.* 73, or *St.* 1833, *c.* 85.

THIS was an appeal from a judgment of the Municipal Court, by which the defendant, upon an information filed by the county attorney, was sentenced to an additional punish-

ment by confinement in the State prison for the term of seven years.

The 19th and 20th sections of *St.* 1827, *c.* 118, provide, that whenever a person who shall be convicted of a crime punishable by confinement to hard labor "for any term of years," shall have been before *sentenced* to a like punishment, he shall be sentenced to confinement to hard labor, not exceeding seven years, in addition to the punishment by law prescribed for the offence for which he shall be tried ; and if he shall have been before twice convicted and *sentenced* in manner aforesaid, he shall be punished by confinement to hard labor for life.

The *St.* 1832, *c.* 73, which is an act in addition to the statute of 1827, and was passed on February 29, 1832, provides, in § 1, that no convict shall be sentenced under the 19th and 20th sections of the statute of 1827, unless he has, at two several times before, been sentenced to confinement for a period, at each time, more than one year, and been 'twice *discharged* therefrom ; " and in § 2, that in all cases arising under the statute of 1827, in which it is provided that the additional punishment shall be by confinement for life, the party convicted may be sentenced for life or for a period not less than seven years, at the discretion of the court.

The *St.* 1833, *c.* 85, repeals the statute of 1832, and provides, that whenever a person shall be sentenced to confinement in the State prison for one year or more, and shall have been before sentenced to a like punishment for a period of not less than one year and *discharged* from such former sentence, he shall be sentenced to an additional confinement to hard labor not exceeding seven years, and if he shall before have been twice so sentenced and *discharged*, he may be sentenced, at the discretion of the court, to confinement to hard labor for life or for a period not less than seven years.

The information alleged, that the defendant, in April 1816, was indicted, tried and convicted in the Municipal Court, of a crime, and was sentenced therefor to confinement to hard labor, in the State prison, for two years, and was afterwards duly discharged ; that in July 1818, he was indicted, tried and convicted in the same court, of another crime, and was duly

Common-
wealth
*v.*
·Evans.

sentenced therefor to solitary imprisonment for the term of ten days, and afterwards to hard labor for the term of his nat-ural life ; that in 1829 he was discharged from his confine ment in consequence of a pardon ; and that afterwards, in April 1832, he was indicted, tried and convicted in the same court, of the crime of breaking and entering, on March 17, 1832, in the night time, the warehouse of one Bailey, with intent to steal, &c.; and the information prays for the infliction of the additional punishment.

To this information the defendant demurred ; and the demurrer being overruled in the Municipal Court, he appealed to this Court.

*March 30th.*   *Leland*, in support of the demurrer, said that the defendant committed his last offence, and was convicted of it, while the statute of 1832 was in force; that that statute was repealed by the statute of 1833, without any provision in regard to the prosecution of offences committed during its operation, and therefore this information must fail, unless it could be support ed under the 19th and 20th sections of the statute of 1827; *Ross's case*, 2 Pick. 165 ; Bac. Abr. *Statute*, *B* ; *Rex* v. *M'Kenzie*, Russell & Ryan, 429 ; that those sections were repealed by implication, by the statute of 1832, or by the statute of 1833 ; *Nichols* v. *Squire*, 5 Pick. 168 ; *Davis's case*, 1 Leach (3d edit.) 306 ; Com. Dig. *Parliament*, R 9. *a* ; and that, if not repealed, the defendant's case did not come within the statute of 1827, for one of his sentences was not for a term of years, but for life.

*Austin*, Attorney General, for the Commonwealth.

*April 8th.*   WILDE J. delivered the opinion of the Court. The ques-tion in this case is, whether upon the facts set forth in the information, the defendant is liable to the additional punish-ment prescribed by statute. That he would have been so liable under the statute of 1827, *c.* 118, if that statute had not been modified, or repealed, cannot we think admit of a doubt. The objection is, that the second conviction charged in the information was not punishable by confinement to hard labor for a term of years, but by confinement for life. This objection might have weight, if the words, "for a term of years," are to be construed according to their tech-

nical sense, as applied to estate in lands and tenements ; but it is manifest that these words were not so understood by the legislature, for they were used undoubtedly to designate a class of crimes which, from their atrocity and aggravation, were deemed deserving of severe punishment ; and such was the construction given to the statute after much deliberation, in the case of *Ex parte Seymour*, 14 Pick. 40. In that case it was held, that the language of the statute was not to be understood in a technical sense, but as indicating the degree of aggravation, short of which a convict, after the second or third conviction, should not be subjected to an additional punishment, and that any term short of two years would not be sufficient for that purpose, although an estate for half a year, or less, would be a term of years in the technical meaning of the words. This being the settled construction of the statute, it would seem absurd to say, that a sentence to confinement for life was not equivalent to, or did not include, confinement for a term of years, within the meaning of the statute. The defendant was actually confined under the sentence for several years before he was pardoned, and we can have no doubt that this conviction, sentence and punishment are such as to bring the case within the true intention of the statute.

The next question to be considered is, whether the 19th and 20th sections of the statute of 1827, have been repealed by the statute of 1832, *c.* 73, or by that of 1833, *c.* 85. The 1st section of the statute of 1832 relates only to second convictions, and has no application to this case. By the second section it is enacted, that in all cases arising under the statute of 1827, in which it is provided, that the additional punishment on conviction shall be by confinement for life, the party convicted may be sentenced for life, or for a period not less than seven years, at the discretion of the court which may or shall decree the additional sentence by virtue of said act. It is quite clear that this is no repeal of any part of the act of 1827 by implication. It is an act in addition to the statute of 1827, and the second section simply gives an additional discretionary power to the Court to mitigate the punishment prescribed by the former statute. The

Common-
wealth
*v.*
Evans.

statute of 1827, so far from being repealed, is expressly confirmed ; the additional sentence is to be decreed under the former statute ; the court have full power still to sentence a convict to confinement for life, and therefore there can be no colour for saying that that statute is repealed by implication. The same reasons will apply to the statute of 1833, *c.* 85.

*Demurrer overruled.*