### BAILEY v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. August 11, 1922. Rehearing Denied September 19, 1922.)

#### No. 2966.

1. **Criminal law ⬤⟹1134(3)—Where sentence was within statutory limits, Circuit Court of Appeals will not inquire into its propriety.**

   Where a sentence within the maximum statutory penalty was imposed, the Circuit Court of Appeals will not inquire as to whether the trial court, in imposing the sentence, was influenced by circumstances which it ought not to consider.

2. **Criminal law ⬤⟹1213—Imprisonment in penitentiary for violating Anti-Narcotic Act not cruel and unusual punishment.**

   Sentence of two years and two months in the penitentiary for violating the Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q), was not cruel and unusual punishment, within the inhibition of Const. Amend. 8.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

William Bailey was convicted of violating the Harrison Anti-Narcotic Act, and he brings error. Affirmed.

John M. Duffy, of Chicago, Ill., for plaintiff in error.

Charles H. Clyne and John B. Boddie, both of Chicago, Ill., for the United States.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge. Plaintiff in error Bailey was indicted and convicted for having in his possession narcotic drugs, contrary to

the provisions of the Harrison Anti-Narcotic Act (Comp. St. §§ 6287g-6287q), and sentenced to two years and two months in the penitentiary.

From the brief and argument it may be gathered that reversal is sought on the ground that there is no evidence to support the verdict; that on his trial he was not properly defended; that the penalty imposed violates the Eighth Amendment, as being cruel and unusual; and that after the verdict and before fixing the penalty the court made inquiry of Bailey and elicited from him information as to his past convictions under state laws.

The record discloses evidence on which the jury could have based its verdict. While the evidence pointing toward guilt is sharply contradicted by other evidence, a reviewing court may not by its own judgment of the evidence supplant that of the jury.

Under advice of counsel appointed by the court to defend, Bailey did not testify. After his trial, other counsel urged that he was improperly defended, and largely because of such advice. On interrogation by the court counsel defending at the trial stated that he gave this advice to avoid bringing out his prior jail record for convictions in state courts, having been informed thereof by the district attorney, but said he told his client he might testify if he wished. Bailey stated to the court that he was innocent and that the lawyer forbade his testifying. In all of this there appears neither impropriety nor assignable error; surely no such impropriety as disclosed in certain extreme cases, wherein some courts have felt warranted in disturbing judgments.

[1] Error is not assignable on the court's inquiry into Bailey's prior police record. True, he had not testified in his own behalf, and his previous record was not disclosed to the jury. On conviction, it was within the power of the court to impose the maximum statutory penalty, and the sentence imposed was within the maximum. Whether the trial court, in fixing a penalty it had power to impose, was influenced by circumstances which ought or ought not to enter into the consideration may not be inquired into by this court, which is not empowered "to make the punishment fit the crime."

[2] Imprisonment in a penitentiary is not of itself "cruel and unusual punishment," within the Eighth Amendment; and federal appellate courts may not disturb a judgment fixing such penalty under a lawful statute authorizing its infliction, because only of the seeming severity of the sentence in the particular case. Jackson v. U. S., 102 Fed. 473, 42 C. C. A. 452. While there is much of cogency in the insistence that the record facts indicate the propriety of a sentence lighter than that imposed, such considerations should be addressed to that department of the government authorized by law in proper cases to extend clemency to persons convicted of crime.

The judgment must be and is affirmed.