### HADLEY v. UNITED STATES.
### No. 4448.

Circuit Court of Appeals, Seventh Circuit.

June 11, 1931.

John E. Dougherty, of Peoria, Ill., for appellant.

Walter M. Provine, U. S. Atty., and Marks Alexander, Asst. U. S. Atty., both of Springfield, Ill.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

ALSCHULER, Circuit Judge.

Appellant Hadley was convicted and sentenced under an indictment charging him with unlawful possession and transporting of intoxicating liquors. Error is alleged in the overruling of Hadley's motion to suppress the evidence obtained by search of his auto-

mobile, in which a large quantity of alcohol contained in gallon cans was being transported.

The federal agents had been credibly notified that intoxicating liquor was being transported into Burlington, Iowa, in an Oldsmobile coupé with a license plate of a given number of Wapello county, Iowa, over an Illinois federal highway leading into Burlington. On April 18 the agents were driving along the highway and overtook an automobile headed in the direction of Burlington, which tallied in every way with the information they had received, and having the appearance of being very heavily loaded. They signaled the car to stop, and on going toward it one of the agents detected what he testified to be a very strong odor of alcohol proceeding from it. Hadley, who was driving the car, being asked what it contained, either did not answer or denied that he knew. Being asked for its key, he did not produce it. An agent took the key from the lock of the ignition switch, and, unlocking the locked rear part of the car, found the alcohol, which he seized. Motion made before the trial began for suppression of the evidence thus obtained was denied by the court at the close of the government's evidence.

■ We are of the opinion that the stated circumstances bring the case fairly within the rule announced by the Supreme Court in Carroll et al. v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790. If, with such credible information respecting a particular car said to be transporting liquor over an Illinois highway into Burlington, the seeing of that car, heavily loaded, moving toward Burlington, supplemented by the strong odor of liquor emanating from the car before the agents touched it, did not afford the agents reasonable ground for believing that the car was then being used for the transportation of liquor, the instances would be few indeed where officers would have reasonable ground for believing that automobile was being so used; and few indeed would be the instances where an automobile so employed could be lawfully seized with its unlawful cargo if it were held that a search warrant for that purpose was a necessary prerequisite. Such conveyances do not tarry in order that search warrants may be obtained, and their contraband freight would in most instances have been safely discharged while the officers were chasing about in search of a search warrant.

We believe that under the facts here disclosed the District Court properly denied the motion to suppress.

■ It is contended there was error in charging the jury that "if you believe the evidence of the witness Whitteberry, that he had all this information before he passed the car, or prior to this search, that fact, together with the manner in which the car was weighted down, would be sufficient as a matter of law, if true, to warrant the search. If he didn't have it, it would not be, and all of the evidence gained by reason of that search should be disregarded."

It is contended for Hadley that it was for the court and not the jury to pass on the motion to suppress the evidence. But, if this be granted, wherein was Hadley thereby harmed? The court had denied his motion to suppress, and, assuming the denial was justified, that ended the matter. But by the instruction the court gave Hadley another chance, to which he was not entitled, and interposed another hurdle in the path of the prosecution. Had the jury found for Hadley upon this issue they would have acquitted him. Their finding against him thereon in no manner affected the court's prior decision to the same effect. Surely the charge in no manner prejudiced Hadley.

■ Besides, there was no exception to the giving of this charge as a matter of law. Indeed, its propriety was conceded so far as concerns the referring of the question to the jury. At the conclusion of the charge Hadley's counsel stated: "I want to preserve an exception to that as given, if the Court please, not that that would probably not be the law, but in this particular case Whitteberry, the man who claimed to have most of the information here, drove right by this car, and didn't attempt to stop it and would not have stopped it."

■ Hadley's contention that there was no evidence to sustain the jury's verdict is too utterly groundless for discussion.

The judgment is affirmed.