## KOPP v. UNITED STATES.
### No. 4580.

Circuit Court of Appeals, Seventh Circuit.

Feb. 8, 1932.

Philip G. Sanborn and John B. Sanborn, both of Madison, Wis., for appellant.

Stanley M. Ryan, U. S. Atty., and Lyman T. Powell, Jr., Asst. U. S. Atty., both of Madison, Wis.

Before EVANS and SPARKS, Circuit Judges, and BALTZELL, District Judge.

BALTZELL, District Judge.

Appellant was charged by indictment with the unlawful transportation of intoxicating liquor on or about the 22d day of May, 1930, at the city of Madison, Wis.

Prior to the trial, a motion to suppress the evidence was filed by appellant, which was heard by the court and overruled. It is charged in the motion that the search of the automobile, which was being driven by appellant, and in which ten cases of beer were being transported, was illegal and in violation of appellant's rights under the Fourth and Fifth Amendments to the Constitution of the United States.

The facts are undisputed. On the 22d day of May, 1930, R. J. Nye, Deputy Prohibition Administrator for the Western District of Wisconsin, received information which he considered reliable, that appellant was on that day driving from the city of Madison, to the Rose-Bud Inn, which is located on the outskirts of that city; that he had a load of beer; and that he was driving a green Pontiac coach automobile bearing license number 198,000-C Wis. 1930. Nye conveyed this information to Prohibition Agents E. A. Empey and Charles L. Bryden, who proceeded to the vicinity of Rose-Bud Inn and remained in their parked automobile along the side of the street upon which appellant would travel, within a block of the inn. Within a very short time appellant drove along this street in the automobile of which the agents had a correct description. The agents followed and observed that

the automobile seemed heavily loaded. Appellant proceeded directly to the Rose-Bud Inn, driving into the garage which was located near by. His wife met him at the garage and was closing the doors at the time the agents appeared. They entered the garage, told appellant that he was under arrest, and proceeded to search the automobile. Before making the search, however, they could see through the windows of the automobile that certain cartons were in the rear portion thereof. A search disclosed ten cases of beer, a portion of which beer was tested by the government chemist and found to contain 4.15 per cent. of alcohol by volume, and fit for beverage purposes.

The first question to be determined is whether or not the search of the automobile under these conditions without a warrant was legal. That an automobile may be searched without a warrant, where the officer or officers making the search have probable cause to believe that intoxicating liquor is being transported therein, there is no doubt. Carroll et al. v. U. S., 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; Hadley v. U. S. (C. C. A. 7th) 50 F.(2d) 375; Hartzell v. U. S. (C. C. A. 7th) 50 F.(2d) 1021.

The officers making the arrest had neither a warrant for the arrest of appellant nor to search his automobile. However, they had information from Deputy Prohibition Administrator Nye giving them a description in detail of the automobile driven by appellant, including the license number, color, make, etc. They were also given the route over which appellant would travel, as well as the name of the place to which he would deliver the cargo. Acting upon such information and stationing themselves along such route, they observed the approach of the automobile, easily recognizing it from the description which they had in their possession. In addition, they noticed particularly that it was heavily loaded. This was important, especially because of the fact that it contained only one passenger, and the heavy load seemed to be in the rear of the automobile. Under these circumstances it was the duty of the officers to follow appellant, and the mere fact that the arrest was made and the automobile searched after it had reached its destination and entered the garage does not alter the situation. Instead of stopping appellant upon the street as he passed by, the agents simply followed him to his destination and there made the arrest and search. The information was sufficient to justify them in making such search without a warrant; in fact, they would have been derelict in the discharge of their duty had they not done so. It is clearly within the rule laid down by this court in other cases. Hadley v. U. S., supra; Hartzell v. U. S., supra.

Appellant also contends that the sentence imposed was more severe than should have been imposed under the law. The trial court has the right, and it is its duty, to take into consideration, in determining the sentence to be imposed in any case, all available information, and then it is within its sound discretion to determine the sentence to be imposed. Husty et al. v. U. S., 282 U. S. 694, 51 S. Ct. 240, 75 L. Ed. 629, 74 A. L. R. 1407; Foster v. U. S. (C. C. A. 7th) 47 F. (2d) 892.

The judgment of the district court is affirmed.