## JACKSON v. UNITED STATES.
### No. 5277.

Circuit Court of Appeals, Third Circuit.

Aug. 28, 1934.

D. James Farage, of Philadelphia, Pa., for appellant.

Herman F. Reich, of Sunbury, Pa., and Andrew B. Dunsmore, U. S. Atty., of Wellsboro, Pa.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

PER CURIAM.

The appellant, hereinafter called defendant, was sentenced on June 6, 1933, on a plea of guilty to 4 years each on the first three counts of the indictment to run consecutively, and sentence was suspended on the thirty-six remaining counts.

On September 8, 1933, defendant filed his appeal on the ground that "the court erred in sentencing him to four years each on the first three counts to run consecutively and on the further ground that the sentence was excessive."

The defendant pleaded guilty to the embezzlement of $174,441.96, and the maximum penalty to which he could have been sentenced on the indictment was 195 years. The sentence, therefore, as such, is not excessive, and a sentence that is within the maximum penalty is within the discretion of the trial court and is not reviewable on appeal. Camarota v. United States, 2 F.(2d) 650 (C. C. A. 3); Scala v. United States, 54 F.(2d) 608, 611 (C. C. A. 7); Kopp v. United States, 55 F.(2d) 878 (C. C. A. 7); Kachnic v. United States (C. C. A.) 53 F.(2d) 312, 79 A. L. R. 1366.

Again, no motion in arrest of judgment was made and no bill of exceptions was filed. The following was the only assignment of error: "The court erred in sentencing the defendant to terms of four years each beginning June 6, 1937, and June 6, 1941, respectively, on the second and third counts of the indictment. The court erred in imposing an excessive sentence."

The defendant is a lawyer, and was, in addition, represented by competent counsel, and the appeal should be dismissed on the ground that there are no exceptions on which to base the assignment of error made and the others argued, but not assigned.

The statute under which the appellant was prosecuted provides: "A person shall be punished by imprisonment for a period of not to exceed five years upon conviction of the offense of having knowingly and fraudulently appropriated to his own use, embezzled, spent, or unlawfully transferred any property or secreted or destroyed any document belonging to a bankrupt estate which came into his charge as trustee, receiver, custodian, or other officer of the court." 11 U. S. C. § 52 (a), 11 USCA § 52 (a).

The indictment charges that appellant embezzled the money of the bankrupt estates in question, which came into his charge as attorney for the trustee and as custodian thereof. If defendant was guilty, it was for embezzling as trustee, receiver, or custodian of the funds in question. He was not trustee or receiver. He says that he was not custodian, but he pleaded guilty to that charge, and entered no objection or exception either before or at the time sentence was imposed, and a trial judge cannot be convicted of error which has never been raised before him, and upon which he has never passed. Dower v. Richards, 151 U. S. 658, 663, 14 S. Ct. 452, 38 L. Ed. 305; Behn, Meyer & Co. v. Campbell & Go Tauco, 205 U. S. 403, 27 S. Ct. 502, 51 L. Ed. 857.

The first and second counts charge that the money in question therein came into the charge of the appellant as custodian thereof, while the third count charges that the money came into his charge "as trustee" of the estate of "Reese-Sheriff Lumber Co."

The defendant says that he was not a "custodian" within the meaning of the act under which he was indicted, and that, while the act does not define the term, it seems never to have been used except in reference to officers of bankruptcy courts.

It is true that, while the word "custodian" is not defined in the act, it must mean a person other than "trustee" or "receiver"; otherwise it would not have been used. There is no person in the act specifically designated as custodian, but Congress in using the term must have had some one in mind, and it does not seem necessary to go into a long, technical discussion to determine whom it had in mind. In the absence of anything to the contrary, it will be assumed that the word was used in its ordinary sense with its usual meaning, which is to have custody or charge of. A custodian is a person other than a trustee or receiver into whose custody or charge any property belonging to the bankrupt estate comes. The defendant says that custodians are "such persons as are lawfully and officially connected with the administration of bankrupt estates and who are privileged to receive, collect, possess, control and distribute assets thereof." He does not tell us who such persons are, but says such persons are not attorneys. Frequently trustees and receivers are not attorneys, but in administering bankrupt estates with the consent and direction of the court they act through attorneys and are bound by their acts. Through attorneys they collect, possess, and distribute the assets of bankrupt estates. In thus representing trustees and receivers, property belonging to bankrupt estates as a matter of fact frequent-

ly comes into the custody of attorneys employed by trustees and receivers under authority of the court. Congress doubtless intended to include such persons within the term of "custodian." When the appellant as attorney for the trustee obtained charge of the property in question, he was custodian thereof within the meaning of the statute under which he was indicted.

 Defendant says that, even if the first and second counts in the indictment "do properly set forth a federal offense, only one sentence would properly lie thereon because both charge embezzlement of money from the Winner-Franck Estate which he is alleged to have held 'as custodian,'" that both counts contain the same allegations as to the date and place of the crimes alleged, and that he was alleged to be attorney for the trustee in both.

This is true, but in both counts the date of the commission of the crime is alleged to be some time between July 1, 1931, and March 13, 1933, but "the exact date being to the Grand Jurors unknown and within three years prior to the date of the finding of this indictment at Williamsport, Lycoming County, State of Pennsylvania and Middle District thereof, and within the jurisdiction of this court." That does not mean that the crimes set forth in the two counts were committed on the same date and on the same identical spot; or that they were the same crimes, for the amount charged in the first count to have been embezzled was $48,067.74 and in the second count, $41,669.06.

Consequently, different crimes, separate and distinct, are charged in each count, and therefore a sentence on each count was legally imposed.

We find no grounds for reversal, and the appeal is dismissed and the judgment affirmed.