**SANSONE v. ZERBST, Warden.**

**No. 1145.**

Circuit Court of Appeals, Tenth Circuit.

Nov. 17, 1934.

Rehearing Denied Dec. 21, 1934.

James Sansone, pro se.

S. S. Alexander, U. S. Atty., and R. T. McCluggage, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

PHILLIPS, Circuit Judge.

This is an appeal from a judgment denying a petition for a writ of habeas corpus.

The appellant and others were charged by an indictment containing ten counts, returned in the District Court of the United States for the Northern District of Ohio in No. 2804, with violations of section 37, Penal Code (18 USCA § 88). Appellant was convicted on seven counts.

Appellant was also charged by indictment containing 11 counts, returned in the same court in No. 2805, with violations of section 197, Penal Code (18 USCA § 320). He pleaded guilty to each of such counts.

On December 14, 1921, in No. 2805, the court sentenced appellant to imprisonment in the Lucas county jail at Toledo, Ohio, for a period of one day on count one, and to further imprisonment in the United States penitentiary at Leavenworth, Kansas, for a period of 25 years on each of counts 2 to 11, inclusive; all of such sentences to run concurrently.

On the same day in No. 2804 the court sentenced appellant to imprisonment in the United States penitentiary at Leavenworth, Kansas, for a period of two years on each

of the seven counts; such sentences to run consecutively, and the sentence on the first count to commence at the expiration of the sentence in No. 2805.

The first count in No. 2805 charged that appellant did knowingly and feloniously assault Joseph Hughes and Paul Weinrich, who were then known to him to be and were in lawful custody of mail matter designed and intended to be delivered by them to the main post office in Toledo, with the intent to rob such mail matter.

The second count charged that appellant did knowingly and feloniously rob Hughes and Weinrich, who were then in custody of a registered pouch, secured by rotary lock No. R 6978-440, containing mail matter which was being conveyed by the Post Office Department from Detroit to Toledo, and did knowingly and feloniously take and carry away from Hughes and Weinrich such mail pouch and the mail contained therein, without their consent; and that in effecting such robbery appellant did put in jeopardy the lives of Hughes and Weinrich by the use of guns and pistols. The remaining nine counts charged like robbery of other mail pouches containing mail matter.

■ Where one seeks discharge from confinement after conviction for an offense, upon a petition for habeas corpus, the two questions presented are whether he was convicted by a court having jurisdiction of his person and the offense, and whether the sentence pronounced was one within the power of the court. Cardigan v. Biddle (C. C. A. 10) 10 F.(2d) 444, 446; McIntosh v. White (C. C. A. 8) 21 F.(2d) 934, 935.

■ The maximum penalty is ten years, under section 197, Penal Code, for assault with intent to rob a person in charge of mail matter, and 25 years for robbery of such person effected by putting the life of that person in jeopardy by the use of dangerous weapons. It follows that the sentences imposed in No. 2805 were not excessive.

■■ The offenses charged in the several counts of the indictment in No. 2805 were neither colorless nor impossible ones under the law, and the court which imposed the sentences had jurisdiction of the subject-matter and the person of the appellant.

■ It is well settled that defects in an indictment, not going to the jurisdiction of the court which pronounced sentence, may not be raised on habeas corpus. Franklin v. Biddle (C. C. A. 8) 5 F.(2d) 19; Brown v. White (C. C. A. 8) 24 F.(2d) 392, 394; Biddle v. Hays (C. C. A. 8) 8 F.(2d) 937; Goto v. Lane, 265 U. S. 383, 44 S. Ct. 525, 68 L. Ed. 1070; Schultz v. Zerbst (C. C. A. 10) decided November 17, 1934, 73 F.(2d) 668.

■ The fixing of penalties for crimes is a legislative function. What constitutes an adequate penalty is a matter of legislative judgment and discretion, and the courts will not interfere therewith unless the penalty prescribed is clearly and manifestly cruel and unusual.[1]

■ Where the sentence imposed is within the limits prescribed by the statute for the offense committed, it ordinarily will not be regarded as cruel and unusual. Jackson v. United States (C. C. A. 9) 102 F. 473, 487; Tincher v. United States (C. C. A. 4) 11 F. (2d) 18, 21; Bailey v. United States (C. C. A. 7) 284 F. 126; Jackson v. United States (C. C. A. 3) 72 F.(2d) 764. See, also, Weems v. United States, 217 U. S. 349, 30 S. Ct. 544, 54 L. Ed. 793, 19 Ann. Cas. 705.

■ It is our opinion that the punishment imposed in No. 2805 was not cruel and unusual, within the meaning of the constitutional inhibition.

■ We conclude that the appellant is in lawful custody under the sentence imposed in No. 2805. That being true, the writ of habeas corpus may not be used to test the validity of the sentences imposed in No. 2804, or to establish the eligibility of appellant for parol. McNally v. Hill (U. S. decided Nov. 5, 1934) 55 S. Ct. 24, 79 L. Ed.

—.

The judgment is affirmed.

---

[1] Crutchfield v. Commonwealth, 248 Ky. 704, 59 S.W.(2d) 983, 985; Kistler v. State, 190 Ind. 149, 129 N. E. 625, 628; State v. Smith, 114 Neb. 653, 209 N. W. 328, 329; State v. Feilen, 70 Wash. 65, 126 P. 75, 76, 41 L. R. A. (N. S.) 418, Ann. Cas. 1914B, 512; Territory v. Ketchum, 10 N. M. 718, 65 P. 169, 171, 55 L. R. A. 90; State v. Becker, 3 S. D. 29, 51 N. W. 1018, 1022; State v. Stubblefield, 157 Mo. 360, 58 S. W. 337, 338, 339; State v. Woodward, 68 W. Va. 66, 69 S. E. 385, 30 L. R. A. (N. S.) 1004.