# BAILEY v. UNITED STATES.

## No. 1107.

Circuit Court of Appeals, Tenth Circuit.

Nov. 30, 1934.

James H. Mathers and James C. Mathers, both of Oklahoma City, Okl., for appellant.

Wm. C. Lewis, U. S. Atty., of Oklahoma City, Okl. (Geo. E. Massey, Jr., Asst. U. S. Atty., of Oklahoma City, Okl., on the brief), for the United States.

Before PHILLIPS and BRATTON, Circuit Judges, and POLLOCK, District Judge.

PHILLIPS, Circuit Judge.

Bailey was convicted of conspiracy to violate 18 USCA § 408a.[1] He was sentenced

---

[1] 18 USCA § 408a reads as follows:

"Whoever shall knowingly transport or cause to be transported, or aid or abet in transporting, in interstate or foreign commerce, any person who shall have been unlawfully seized, confined, inveigled, decoyed, kidnaped, abducted, or carried away by any means whatsoever and held for ransom or reward shall, upon conviction, be punished by imprisonment in the penitentiary for such term of years as the court, in its discretion, shall deter-

"to the custody of the Attorney-General of the United States, or his authorized representative, for confinement in a United States Penitentiary, during the term of his natural life."

■ What purports to be a motion for a directed verdict, the ruling thereon, and the charge of the court to the jury, are set forth in the transcript, but they are not contained in the bill of exceptions. Alleged errors predicated thereon are not open to review here. Shepard v. United States (C. C. A. 10) 64 F.(2d) 641, reversed on other grounds 290 U. S. 96, 54 S. Ct. 22, 78 I.. Ed. 196; Addis v. United States (C. C. A. 10) 62 F.(2d) 329, 330. See, also, Kern v. United States (C. C. A. 10) 74 F.(2d) 450 (filed Dec. 3, 1934).

In Addis v. United States, supra, this court said:

"Motions for a directed verdict, requests for a peremptory charge, instructions given and instructions refused in criminal and law actions are not a part of the record proper, which consists of the pleadings, process, verdict, and judgment. Buessel v. United States (C. C. A. 2) 258 F. 811, 815; Clune v. United States, 159 U. S. 590, 593, 594, 16 S. Ct. 125, 40 L. Ed. 269; United States v. Taylor, 147 U. S. 695, 698, 699, 13 S. Ct. 479, 37 L. Ed. 335; Blake v. United States (C. C. A. 1) 71 F. 286; Metropolitan R. Co. v. Columbia, 195 U. S. 322, 332, 25 S. Ct. 28, 49 L. Ed. 219; Eldorado Coal & Min. Co. v. Marictti (C. C. A. 7) 215 F. 51, 54; Suydam v. Williamson, 20 How. 427, 433, 437, 15 L. Ed. 978. A statement in the transcript of the record that certain instructions were given, or requested and refused, or that a motion for a directed verdict was made and denied, over the certificate of the clerk, avails nothing. Such matters can be brought upon the record only by a proper bill of exceptions. Stockton v. Bishop, 4 How. 155, 166, 11 L. Ed. 918; Metropolitan R. Co. v. Columbia, supra; Clune v. United States, supra. Since it does not appear from the bill of exceptions that motions for directed verdicts were duly made and denied, we are precluded from passing upon the assignments of error predicated thereon."

■ The sentence to the custody of the Attorney-General for confinement in a United States penitentiary was proper under 18 USCA § 753f and 18 USCA § 831.[2] Aderhold v. Edwards (C. C. A. 5) 71 F.(2d) 297.

■ The statute prescribes as punishment for the offense, "imprisonment in the penitentiary for such term of years as the court, in its discretion, shall determine."

It is our opinion that Congress did not use the phrase "term of years" in the technical sense attributable to it when applied to estate in lands. Life being of limited duration and death being certain, a sentence for life is definite and certain. It is tantamount to a sentence for a definite term of years greater than the possible life span of the person sentenced. See Commonwealth v. Evans, 33 Mass. (16 Pick.) 448.

■ The fixing of penalties for crimes is a legislative function. What constitutes an adequate penalty is a matter of legislative judgment and discretion, and the courts will not interfere therewith ·unless the penalty

mine: Provided, That the term 'interstate or foreign commerce' shall include transportation from one State, Territory, or the District of Columbia to another State, Territory, or the District of Columbia, or to a foreign country; or from a foreign country to any State, Territory, or the District of Columbia: Provided further, That if two or more persons enter into an agreement, confederation, or conspiracy to violate the provisions of this section and do any overt act toward carrying out such unlawful agreement, confederation, or conspiracy such person or persons shall be punished in like manner as hereinbefore provided by this section."

[2] 18 USCA § 753f in part provides:
"All persons convicted of an offense against the United States shall be committed, for such terms of imprisonment and to such types of institutions as the court may direct, to the custody of the Attorney General of the United States or his authorized representative, who shall designate the places of confinement where the sentences of all such persons shall be served."

18 USCA § 831 in part provides:
"It shall be sufficient for the courts to sentence said class of offenders to imprisonment in the penitentiary without specifying the particular penitentiary or the United States industrial reformatory, and the imprisonment shall be in such penitentiary or the United States industrial reformatory as the Attorney General shall from time to time designate."

prescribed is clearly and manifestly cruel and unusual.[3]

Where the sentence imposed is within the limits prescribed by the statute for the offense committed, it ordinarily will not be regarded as cruel and unusual. Jackson v. United States (C. C. A. 9) 102 F. 473, 487; Tincher v. United States (C. C. A. 4) 11 F.(2d) 18, 21; Bailey v. United States (C. C. A. 7) 284 F. 126; Jackson v. United States (C. C. A. 3) 72 F.(2d) 764. See also Weems v. United States, 217 U. S. 349, 30 S. Ct. 544, 54 L. Ed. 793, 19 Ann. Cas. 705.

Kidnaping is a heinous offense. A sentence to life imprisonment for transporting a kidnaped victim in interstate commerce, or for conspiracy so to transport a kidnaped person, is not, in our opinion, cruel and unusual punishment within the constitutional inhibition (Const. Amend. 8).

The power to regulate interstate commerce includes the power to prohibit its use to facilitate wrongful and injurious acts or practices. Hoke v. United States, 227 U. S. 308, 323, 33 S. Ct. 281, 57 L. Ed. 523, 43 L. R. A. (N. S.) 906, Ann. Cas. 1913E, 905; Caminetti v. United States, 242 U. S. 470, 491, 37 S. Ct. 192, 197, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168; Brooks v. United States, 267 U. S. 432, 45 S. Ct. 345, 69 L. Ed. 699, 37 A. L. R. 1407; Clark Di..illing Co. v. Western Maryland R. Co., 242 U. S. 311, 37 S. Ct. 180, 61 L. Ed. 326, L. R. A. 1917B, 1218, Ann. Cas. 1917B, 845; Weber v. Freed, 239 U. S. 325, 36 S. Ct. 131, 60 L. Ed. 308, Ann. Cas. 1916C, 317.

In Caminetti v. United States, supra, the court said:

"The authority of Congress to keep the channels of interstate commerce free from immoral and injurious uses has been frequently sustained, and is no longer open to question."

To prohibit the use of the channels of interstate commerce to facilitate the crime of kidnaping is clearly within the power of Congress.

The judgment is affirmed.

[3] Crutchfield v. Commonwealth, 248 Ky. 704, 59 S.W.(2d) 983, 985; Kistler v. State, 190 Ind. 149, 129 N. E. 625, 628; State v. Smith, 114 Neb. 653, 209 N. W. 328, 329; State v. Feilen, 70 Wash. 65, 126 P. 75, 76, 41 L. R. A. (N. S.) 418, Ann. Cas. 1914B, 512; Territory v.

Ketchum, 10 N. M. 718, 65 P. 169, 171, 55 L. R. A. 90; State v. Becker, 3 S. D. 29, 51 N. W. 1018, 1022; State v. Stubblefield, 157 Mo. 360, 58 S. W. 337–339; State v. Woodard, 68 W. V?. 66, 69 S. E. 385, 30 L. R. A. (N. S.) 1004.