966

## BATES v. JOHNSTON, Warden.
### No. 9455.

Circuit Court of Appeals, Ninth Circuit.

May 13, 1940.

A. L. Bates, in pro. per., for appellant.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

The appellant, confined to the United States penitentiary at Alcatraz Island, California, under a sentence of life imprisonment imposed after entry of judgment of conviction for violation of the Lindbergh Law, 47 Stat. 326, 18 U.S.C.A. § 408a, petitioned the court below for a writ of habeas corpus, and the petition was denied. From the order denying his petition, Bates appeals. The appellant contends, in his petition for the issuance of the writ, that the statute under which he was convicted was unconstitutional and void by reason of the fact that said statute, as written at the time of his conviction, did not fix a maximum penalty for violation thereof.

The statute, the constitutionality of which is doubted by Bates, at time of sentence read in part as follows: "That whoever shall knowingly transport or cause to be transported, or aid or abet in transporting, in interstate or foreign commerce, any person who shall have been unlawfully seized, confined, inveigled, decoyed, kidnaped, abducted, or carried away by any means whatsoever and held for ransom or reward shall, upon conviction, be punished by imprisonment in the penitentiary for such term of years as the court, in its discretion, shall determine: Provided," etc.

The appellant argues that the statute in question did not fix absolutely the maximum term for which he could be sentenced; that the Congress thereby illegally attempted to vest a legislative power in the judiciary; that the penalty for violating said Act is left entirely to the discretion of the court; "that no fixed penalty was incorporated therein and there was no general or related law which did have a maximum penalty."

Harvey J. Bailey was one of appellant's codefendants; he was sentenced to life imprisonment and appealed from the judgment entered upon conviction of conspiracy to violate 18 U.S.C.A. § 408a, which is the identical section complained of here, and raised the same question as petitioner. The answer given by the Circuit Court of Appeals for the Tenth Circuit in Bailey v. United States, 74 F.2d 451, 452, concludes the matter:

"The statute prescribes as punishment for the offense, 'imprisonment in the penitentiary for such term of years as the court, in its discretion, shall determine.'

"It is our opinion that Congress did not use the phrase 'term of years' in the technical sense attributable to it when applied to estate in lands. Life being of limited duration and death being certain, a sentence for life is definite and certain. It is tantamount to a sentence for a definite term of years greater than the possible life span of the person sentenced. See Commonwealth v. Evans, 16 Pick [448], 33 Mass. 448.

"The fixing of penalties for crimes is a legislative function. What constitutes an adequate penalty is a matter of legislative judgment and discretion, and the courts will not interfere therewith unless the penalty prescribed is clearly and manifestly cruel and unusual.

"Where the sentence imposed is within the limits prescribed by the statute for the

offense committed, it ordinarily will not be regarded as cruel and unusual. [Cases cited.]

"Kidnaping is a heinous offense. A sentence to life imprisonment for transporting a kidnaped victim in interstate commerce, or for conspiracy so to transport a kidnaped person, is not, in our opinion, cruel and unusual punishment within the constitutional inhibition (Const.Amend. 8)."

Entertaining the same view of the constitutionality of the provision for punishment of violators of the statute before us as the Circuit Court of Appeals for the Tenth Circuit, we affirm the order appealed from.