UNITED STATES of America,

v.

Albert ANDREWS, Defendant.

United States District Court
S. D. New York.
Aug. 25, 1958.

Daniel H. Greenberg, New York City, for plaintiff.

Arthur H. Christy, U. S. Atty., for the Southern Dist. of New York, New York City, George I. Gordon, New York City, of counsel, for United States.

PALMIERI, District Judge.

Defendant Andrews moves to have his sentence corrected or reduced. The motion has three branches:

■ 1. Defendant contends that his sentence to twenty-five years imprisonment for violation of 18 U.S.C. § 2114 (1952) is in contravention of the provision of U.S.Const. Amend. VIII, which prohibits "cruel and unusual punishments." This contention has been rejected, in regard to the statute here at issue, in Sansone v. Zerbst, 10 Cir., 1934, 73 F.2d 670, where the Court said:

> "The fixing of penalties for crimes is a legislative function. What constitutes an adequate penalty is a matter of legislative judgment and discretion, and the courts will not interfere therewith unless the penalty prescribed is clearly and manifestly cruel and unusual.

> "Where the sentence imposed is within the limits prescribed by the statute for the offense committed,

382

it ordinarily will not be regarded as cruel and unusual. * * *

* * * * * *

"It is our opinion that the punishment imposed [for violation of what is now 18 U.S.C. § 2114 (1952)] was not cruel and unusual, within the meaning of the constitutional inhibition." 73 F.2d at page 672 (citations and footnote omitted).

■ 2. Defendant seeks to have nullified the election not to commence the service of his sentence, which he executed on January 13, 1955 and which remained in effect until March 5, 1956. Fed.R.Crim.P. 38(a) (2), 18 U.S.C. This relief is sought on the premise that the Court of Appeals "vacated" the judgment of conviction, that Andrews was "resentenced" by Judge Walsh on May 20, 1957, and the vacating of the sentence by the Court of Appeals "nullified" the election theretofore executed. As the reported decision shows, however, the Court of Appeals did not vacate but affirmed the judgment and remanded the case for reconsideration of the sentence in light of its holding that the trial Court was empowered to suspend the twenty-five year sentence. United States v. Donovan, 2 Cir., 1957, 242 F.2d 61, 64. Accordingly, there is no ground for nullifying defendant's election. United States v. Cortese, 2 Cir., 1957, 244 F.2d 872.

■ Defendant also seeks to have his sentence declared "effective" from the date on which he was originally sentenced by Judge Walsh, December 31, 1954. Subject to defendant's election not to commence the service of his sentence, it is effective from that date. For, as noted above, the Court of Appeals did not vacate the sentence and, upon reconsideration in light of the Court of Appeals' decision, Judge Walsh did not resentence the defendant, but ordered that his judgment of December 31, 1954 should remain unchanged and in full force and effect.

■ 3. Finally, defendant seeks to have his sentence corrected or reduced on the ground that Judge Walsh determined to leave his original sentence in effect while under the misapprehension that defendant had been on the mail truck during the abortive robbery. It is true that, while addressing another defendant, Judge Walsh spoke of "the other two on the truck." (Minutes of May 20, 1957, page 22.) But a reading of the transcript as a whole makes it evident that this was nothing more than a *lapsus linguae*, and that Judge Walsh meant to refer to the two men who were at the scene of the attempted holdup, Donovan and Andrews, without meaning to state that they had both been on the truck. (Minutes of May 20, 1957, pages 21-3.) Indeed, while addressing counsel after he had stated his intention not to change Andrews' sentence, Judge Walsh said:

"* * * [I]n the case of the two men who have committed the holdup, I don't recall that I ever had any doubt about it but that I would impose the [twenty-five year] sentence * * *. I always had it, and on the day of sentence as well." (Minutes of May 20, 1957, page 24.)

It is inconceivable that the Judge, who had presided at the trial and who had, as he put it, "given a great deal of thought to this since the Court of Appeals" decision, should have determined what course he should take as to the sentence of Andrews without having fully in mind the circumstances of the crime. Surely no such inference may be made from the isolated statement that there were "two" on the truck.

Accordingly, the motion is in all respects denied.

It is so ordered.