**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jonathan Rafael WILSON, Defendant-
Appellant.**

**No. 74–2247.**

United States Court of Appeals,
Ninth Circuit.

Nov. 11, 1974.

Arthur Mabry (argued), Los Angeles, Cal., for defendant-appellant.

Richard J. Henny, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before ELY and WALLACE, Circuit Judges, and VOORHEES,* District Judge.

## OPINION

PER CURIAM:

Wilson appeals his conviction of robbing a mailman with a dangerous weapon in violation of 18 U.S.C. § 2114, pursuant to which he received a twenty-five-year sentence. He does not appeal his conviction of aiding and abetting a person in possession of stolen mail (18 U.S.C. § 1708), for which he received a five-year concurrent sentence. His frontal attack is upon the statutory twenty-five-year sentence as provided for in section 2114. We affirm.

Wilson first challenges the twenty-five-year sentence as cruel and unusual punishment in violation of the Eighth Amendment. We rejected this contention in United States v. Beverley, 416 F.2d 263, 265 (9th Cir. 1969). *Accord,* Sansone v. Zerbst, 73 F.2d 670, 672 (10th Cir. 1934); United States v. Andrews, 170 F.Supp. 380, 381–382 (S.D.N.Y.1958), aff'd, 263 F.2d 608 (2d Cir. 1960), cert. denied, 363 U.S. 854, 80 S. Ct. 1636, 4 L.Ed.2d 1736 (1960). We cannot do otherwise here.

In *Beverley* we also rejected the argument that this statutorily specified sentence violates equal protection because other crimes of equal seriousness do not carry such extreme penalties. 416 F.2d at 265. It is the responsibility of Congress, not the judiciary, to determine the seriousness of crimes and the need for deterrence. Thus, the statutory penalty of twenty-five years does not unconstitutionally fetter the federal judiciary. Smith v. United States, 284 F. 2d 789, 791 (5th Cir. 1960).

Moreover, the penalty specified in 18 U.S.C. § 2114 is not truly mandatory. For example, the trial court could have suspended Wilson's sentence and placed him on probation. United States v. Hardaway, 350 F.2d 1021, 1022 (6th Cir. 1965); United States v. Donovan, 242 F.2d 61, 64 (2d Cir. 1957). Additionally, the court may, as it did here, make the convicted defendant eligible for immediate parole. United States v. Price, 474 F.2d 1223, 1228 (9th Cir. 1973).

Wilson also argues that his sentence was so disproportionate to his crime that it offends fundamental notions of justice inherent in due process. Wilson robbed a postal employee by force with a handgun. Because serious bodily harm or death could have resulted from his crime, we cannot categorize his sentence as one that shocks the conscience of the court.

Finally, Wilson contends that it was error for the trial judge to instruct the jury that punishment is exclusively a matter for the court when, as here, there is a statutorily imposed sentence. *See* 1 E. Devitt & C. Blackmar, Federal Jury Practice and Instructions § 17.08 (2d ed. 1970). We disagree. The jury's the law to determine guilt; the judge imposes sentence. Even if the statutory sentence were mandatory, it is still the exclusive province of the court to pro-

---

* Honorable Donald S. Voorhees, United States District Judge, Western District of Washington, sitting by designation.

nounce it. United States v. Del Toro, 426 F.2d 181, 184 (5th Cir.), cert. denied, 400 U.S. 829, 91 S.Ct. 58, 27 L.Ed. 2d 60 (1970).

·Affirmed.