838 F.2d 468
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pierre Renault D'AURAY, Defendant-Appellant.
 No. 87-5559.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 3, 1987.
Decided Jan. 28, 1988.
 
 Russell Eugene Crawford, Jr. (Charles Kramer on brief) for appellant.
 Henry E. Hudson, United States Attorney, David S. Cayer, Assistant United States Attorney for appellee.
 Before HARRISON L. WINTER, Chief Judge, and MURNAGHAN and CHAPMAN, Circuit Judges.
 CHAPMAN, Circuit Judge:
 
 
 1
 In January 1987 the appellant was indicted on six counts arising out of the December 7, 1986 importation of more than 100 kilograms of marijuana into the Eastern District of Virginia. He filed a motion in the district court asking that the Anti-Drug Abuse Act of 1986, Pub.L. No. 99-570, specifically Title I of that act, known as the Narcotics Penalties and Enforcement Act of 1986, and more specifically Title 1, Subtitle A, Sections 1002 and 1007 thereof, be declared unconstitutional. He claims that this act amends 21 U.S.C. Sec. 841(b)(1) to provide a minimum mandatory sentence of ten years for the importation of more than 100 kilograms of marijuana when the person committing this violation has one or more prior convictions relating to narcotic drugs, marijuana, or depressant or stimulant substances. Appellant asserts that the mandatory sentence is unconstitutional. He also claims unconstitutionality of Section 1007 of the Anti-Drug Abuse Act of 1986, which amends 18 U.S.C. Sec. 3553 so as to allow the sentencing court authority to impose a sentence below the mandatory minimum, upon motion of the government that the defendant has provided "substantial assistance" in the investigation or prosecution of another person who has committed an offense. He claims that this allows the prosecutor to manipulate the mandatory sentencing provisions arbitrarily and unconstitutionally.
 
 
 2
 After his motion was denied, D'Auray entered a plea of guilty to Count One, importation of more than 100 kilograms of marijuana in violation of 21 U.S.C. Sec. 952, and to Count Six, aviation smuggling in violation of 19 U.S.C. 1590. He was sentenced to twelve years on Count One and ten years on Count Six to run concurrently. He now appeals claiming error by the district court in not finding the mandatory sentencing provisions of the Anti-Drug Abuse Act of 1986 to be unconstitutional, and in illegally sentencing him to a mandatory sentence of ten years. In the alternative, he claims that the mandatory sentencing provisions contained in 21 U.S.C. 960 were not in effect at the time of his offense.
 
 
 3
 Finding no merit to these claims, we affirm.
 
 
 4
 * Counts One and Six of the indictment charge as follows:
 
 COUNT ONE
 
 5
 On or about December 7, 1986, in Loudoun County, Virginia, in the Eastern District of Virginia, the defendants Pierre Renault D'Auray and John Gross did unlawfully, knowingly and intentionally import into the United States from a place outside thereof, 100 kilograms or more of marijuana, a Schedule I narcotic controlled substance. (Violation of Title 21 United States Code, Sec. 952 and Title 18 United States Code, Sec. 2.)
 
 COUNT SIX
 
 6
 On or about December 7, 1986, in Loudoun County, Virginia, in the Eastern District of Virginia, the defendant, Pierre Renault D'Auray, being the pilot of an aircraft, did unlawfully, knowingly, and intentionally transport merchandise, to wit, marijuana, a Schedule I narcotic controlled substance, knowing and intending that said merchandise would be introduced into the United States contrary to law.
 
 
 7
 (Violation of Title 19 United States Code Sec. 1590 added by the Anti-Drug Abuse Act of 1986, effective October 27, 1986).
 
 
 8
 The appellant had a prior conviction of conspiracy to possess a controlled substance with intent to distribute in violation of 21 U.S.C. 841(a)(1) and 846 in the Southern District of California in April 1980. As a result, the United States Attorney, pursuant to 21 U.S.C. Sec. 851(a), certified the prior conviction and notified appellant that the government would seek to increase the penalties under 21 U.S.C. Sec. 841(a) to include the mandatory minimum term of imprisonment of ten years and a maximum of life imprisonment on Counts One, Two, and Three.
 
 
 9
 The 1986 Act, Public Law No. 99-570, was passed by Congress on October 17, 1986, as publicly reflected in the Congressional Record, H.R.Res. 597, 99th Cong., 2d Sess., 132 Cong. Rec. H11 219 (daily ed. Oct. 17, 1986). The Act was signed into law by the President on October 27, 1986 and it became effective upon such signing. The Act was in effect on December 7, 1986, the date of the offenses charged in the indictment.
 
 II
 
 10
 Appellant argues that the mandatory sentencing provision contained in Section 1002 of the Act and the limited authority of the trial judge to impose a sentence below the statutory minimum upon motion of the government reflecting the defendant's substantial assistance contained in Section 1007 must be considered together, and because Section 1007 states that it shall "take effect on the date of the taking effect of Sec. 3553 of title 18, United States Code" (Section 3553 did not take effect until November 1, 1987), then November 1, 1987, must also be the effective date of Section 1002. He has no authority to support his position. The language of the Act is clear and unambiguous. The mandatory minimum sentence section became effective when passed by the Congress and signed by the President, and by its very terms, the "substantial assistance" section became effective upon November 1, 1987, the effective date of the new Sentencing Guidelines, 18 U.S.C. Sec. 3553.
 
 
 11
 We are unaware of any authority that requires all sections of a public law to become effective on the same date, and the appellant has been unable to present anything to the contrary. Congress has the power and the responsibility to set the effective date of legislation passed by it. We are aware of no limitation on this power, except the constitutional prohibition of ex post facto laws, see U.S. Const. Art. I, Sec. 9, and this appeal does not present an ex post facto problem.
 
 
 12
 A mandatory ten-year sentence without parole for a repeat drug offender is not so severe as to violate the equal protection principles of the Fifth Amendment due process clause, nor does it amount to cruel and unusual punishment under the Eighth Amendment. United States v. Wilson, 506 F.2d 521 (9th Cir.1974) (twenty-five-year mandatory sentence for armed robbery of a mailman does not violate equal protection clause nor is it cruel and unusual punishment); United States v. McClinton, 815 F.2d 1242 (8th Cir.1987) (18 U.S.C.App. (1982 Ed.) Sec. 1202(a)(1) prohibiting possession of a firearm by a convicted felon, and which provides a minimum fifteen year sentence, without possibility of parole, if the felon has been convicted of three previous robbery or burglary charges, does not violate equal protection.); see also Rummel v. Estelle, 445 U.S. 263 (1980) (upholding a life sentence upon conviction of a third nonviolent felony); Hutto v. Davis, 454 U.S. 370 (1982) (upholding a forty-year sentence for possession and distribution of 9 ounces of marijuana).
 
 
 13
 Appellant did not receive the mandatory ten-year minimum under the law he now attacks. His sentence under Count One of the indictment was twelve years.
 
 III
 
 14
 Appellant was not sentenced under the provisions of 18 U.S.C. Sec. 3553 and it was not in effect at the time of his sentencing. Therefore, he does not have standing to challenge the constitutionality of that statute in this appeal.
 
 
 15
 AFFIRMED.