BRIGHT, Circuit Judge,
concurring.
Because I agree that the district court’s sentence of Walker to Yfk years in prison was not plain error, I concur. While I feel compelled to follow the precedent established by this court, I am troubled by the scarce justification given for the interpretation that section 924(e)’s “not less than” language implies a maximum possible penalty of life in prison.
As the majority notes, every circuit to consider the question of section 924(e)’s “not less than fifteen years” language has concluded that the language provides for a minimum penalty of 15 years and an implied maximum penalty of life imprisonment. However, the express language of section 924(e) imposes no upper limit.[3] Courts have interpreted this silence as permitting a sentence of life imprisonment, but they have provided little to no explanation of why that is the case.
Typically, courts interpreting section 924(e) have merely stated that the maximum sentence permitted is life imprisonment, generally with sparse explanation, citing to cases which do the same. E.g., United States v. Saffeels, 39 F.3d 833, 838 (8th Cir.1994); United States v. Wolak, 923 F.2d 1193, 1199 (6th Cir.1991). Alternatively, courts rely on cases concluding that other statutes without stated maxima authorize a life sentence and reason that likewise section 924(e), despite its silence, must authorize a maximum sentence of life imprisonment. See, e.g., United States v. Jackson, 835 F.2d 1195, 1197 (7th Cir.1987) (citing Bates v. Johnston, 111 F.2d *710 966, 967 (9th Cir.1940) (interpreting the Lindbergh Act, a federal kidnapping statute that lacked a maximum, as implicitly authorizing the imposition of any term up to life imprisonment))[4] and United States v. Bridges, 760 F.2d 151, 153 (7th Cir.1985) (stating “[w]hile section 841 (b)(1) (A) does not expressly specify the maximum parole term ... it can only be read as authorizing a lifetime maximum parole term”).
No court has, in my view, adequately explained why an absence of language giving the sentencing court discretion to sentence a defendant to life imprisonment under section 924(e), nevertheless, means it may do so. Under the present construction of section 924(e), a defendant could be sentenced to life even for the least severe charge of possessing a firearm. Surely, Congress knows how to create sentencing ranges with a maximum of life and could have done so in section 924(e).

. Other provisions of section 924 contain express specifications of life máximums. For example, section 924(c)(5) provides:
(5) Except to the extent that a greater minimum sentence is otherwise provided under this subsection, or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime ... uses or carries armor piercing ammunition, or who, in furtherance of any such crime, possesses armor piercing ammunition, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime or conviction under this section—
(A) be sentenced to a term of imprisonment of not less than 15 years; and
(B) if death results from the use of such ammunition—
(i) if the killing is murder (as defined in section 1111), be punished by death or sentenced to a term of imprisonment for any term of years or for life; and....
18 U.S.C. § 924(c)(5) (emphasis added). The language any term of years or for life is also present in sections 924(j)(l) and 924(o). Reading an implied maximum life sentence into 924(e) arguably renders surplusage the express specification of life máximums in these provisions of section 924.

. Unlike section 924(e), however, the Lindbergh Act as originally enacted provided for imprisonment “for such term of years as the court, in its discretion, shall determine." Act of June 22, 1932, ch. 271, 47 Stat. 326 (emphasis added). Section 924(e) contains no language giving the sentencing court such discretion.