**John Lee BOWIE, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 27102.

United States Court of Appeals
Fifth Circuit.

Sept. 24, 1969.

John Lee Bowie, pro se.

Crawford C. Martin, Atty. Gen. of the State of Texas, Allo B. Crow, Jr., Asst.

Atty. Gen., Austin, Tex., for respondent-appellee.

Before GEWIN, DYER and CARSWELL, Circuit Judges.

PER CURIAM:

█ In this pro se case appellant has failed to file a brief within the time fixed by Rule 31, F.R.A.P., and it is therefore appropriate to dispose of this case summarily pursuant to Rule 9(c) (2) of this Court. Stout v. Broom, 5 Cir. 1969, 406 F.2d 758.

Bowie, now on parole, was serving two life sentences for burglary of a private residence at night at the time he filed his petition for habeas corpus. The District Court denied relief on the basis of the state record. We affirm.

The life sentences were set by the juries which convicted the appellant in 1931. One of the indictments alleged two prior convictions for enhancement of sentence, but the other did not.

Appellant contends that he was denied assistance of counsel at the trials resulting in the 1931 convictions and the trials in 1926 and 1929.

After an evidentiary hearing, the state trial court held that the appellant was represented by counsel at the 1931 trials. The court made no findings concerning the 1926 and 1929 trials. The United States District Court denied habeas relief on the basis of the state record. 28 U.S.C.A. § 2254.

█ If the life sentence based on the prior convictions was the only sentence outstanding against the appellant, it would be necessary to remand the cause for determination of appellant's contention that he was denied counsel in the 1926 and 1929 trials. See Burgett v. Texas, 1967, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319. Coextensive with that sentence however, is the other life sentence. As to it, we find no error in the District Court's denial of habeas corpus relief. See Brown v. Beto, 5 Cir. 1967, 377 F.2d 950.

Affirmed.