**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William Earl BIGHAM, Defendant-
Appellant.**

No. 27285
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Jan. 28, 1970.

Rehearing Denied March 2, 1970.

———◆———

Richard J. Riley, Frank C. Decker, Jacksonville, Fla., A. K. Black, Lake City, Fla., for defendant-appellant.

Edward F. Boardman, U. S. Atty., Middle District of Florida, Joseph W. Hatchett, Asst. U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

GOLDBERG, Circuit Judge.

■ William Earl Bigham, Jr. seeks a reversal of his conviction for conspiracy to possess and pass counterfeit United States currency, for the possession of such currency, and for the sale of such currency. He was sentenced to five years on each of the three counts, the sentences to run concurrently. Appellant's appeal has three predicates: (1) geographic mal-distribution of persons on the jury list for the week of his trial in Jacksonville, Florida; (2) the refusal of the court to instruct the jury on the defense of entrapment; and (3) insufficiency of the evidence to support the conspiracy count.[1]

■■ Although his argument is not entirely clear, appellant's objection to the jury seems to rest on the sole ground that the jury list for the week of his trial, December 9, 1968, was, with one exception, composed entirely of residents of Duval County, Florida, and contained no resident of his home county, Alachua County, Florida. Appellant does not appear to claim that prospective jurors were summoned only from Duval County or that classes or groups of persons were excluded from the jury list or that the list was chosen in violation of the federal statutes. Rather, he objects because after the list for the week was drawn, all but one person resided in Duval County. We find this objection without merit.[2] Appellant has offered no proof concerning the method used to select this jury and has not shown that this list was not derived from a random selection of jurors from the Jacksonville Division. We take judicial notice of the fact that Duval County is by far the most populous county in the Jacksonville Division while the other counties are relatively small. Moreover, probabilities aside, we have not been shown any rule which requires that the jury selection process result in a list with at least one resident from each county in the division. In fact, the established rule is quite the contrary. In Salary v. Wilson, 5 Cir. 1969, 415 F. 2d 467, this court stated:

"There is no constitutional requirement of proportional representation of the components of the community. Neither the jury roll nor the venire need be a perfect mirror of the community or accurately reflect proportionate strength of every identifiable group." 415 F.2d at 472.

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I [Oct. 7, 1969].

2. This trial was concluded prior to the effective date of the Jury Selection and Service Act of 1968, 28 U.S.C.A. § 1861. However, even that salubrious legislation would not assist Bigham in the instant case. See, Gewin, The Jury Selection and Service Act of 1968: Implementation In The Fifth Circuit Court of Appeals, 20 Mercer L.Rev. 349 (1969), for a perceptive analysis of the Act and the methodology for the accomplishment of its purposes in the Fifth Circuit.

Bigham next seeks release from his conviction through the doctrine of entrapment. The basic facts as to the alleged inveiglement are clear. Secret Service agents arrested one Donald Westmoreland in possession of counterfeit federal reserve notes apparently obtained from the appellant. After his arrest Westmoreland cooperated with the agents by introducing Agent Quinn to Bigham as a prospective purchaser of counterfeit currency. Negotiations followed and Bigham delivered counterfeit notes to Agent Quinn. None of the minutiae of the meeting gives any indication that Quinn went beyond the mere affording of an opportunity to commit the offense. He did not exert any pressure or persuasion which induced Bigham to commit the crime, and it is certainly beyond cavil that Quinn did not create the disposition to sell the currency. No reasonable person could say that an innocent man was led astray by the blandishments of Agent Quinn. The elements of entrapment were therefore not shown to exist. United States v. Walton, 9 Cir. 1969, 411 F.2d 283; Chatman v. United States, 9 Cir. 1969, 411 F.2d 1139. Under these circumstances there was no occasion to charge the jury on the defense of entrapment, and to do so would have been misleading. Pierce v. United States, 5 Cir. 1969, 414 F.2d 163, cert. denied, 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 425.

Appellant's final complaint relates to the sufficiency of the evidence to sustain his conviction on the conspiracy count. We decline, however, to question the validity of Bigham's conviction on this count because of the concurrent sentences which he received on the possession and sale counts. The concurrent sentence rule is not dead, though it has sustained nonmortal wounds. Benton v. Maryland, 1969, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707. *Benton* does not give us a categorical imperative that a diseased count must always infect its fraternal counts. We think this is an appropriate case in which to exercise our judicial discretion to apply the con-

currency rule as a matter of judicial convenience. Benton v. Maryland, *supra*; Jordan v. United States, 9 Cir. 1969, 416 F.2d 338. We affirm the judgment of conviction on all counts except the conspiracy count which we find it unnecessary to consider.