**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Evelio DEL TORO, Defendant-Appellant.**
**No. 27619.**

United States Court of Appeals,
Fifth Circuit.

May 18, 1970.

Thomas J. Hanlon, III, Tampa, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Robert B. McGowan, Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and TUTTLE and MORGAN, Circuit Judges.

JOHN R. BROWN, Chief Judge.

 Appellant was found guilty by a jury and convicted of selling heroin not pursuant to a written order on an official form in violation of 26 U.S.C.A. § 4705(a) [1] (count one), and of possessing heroin without having registered and paid the tax provided for by 26 U.S.C.A. §§ 4701 [2] and 4702 [3] in violation of 26 U.S.C.A. § 4724(c) [4] (count two). He was sentenced to serve the minimum mandatory term of five years on count one [5] and a separate sentence of five years on count two,[6] the sentences to run

1. "It shall be unlawful for any person to sell, barter, exchange, or give away narcotic drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary or his delegate."
26 U.S.C.A. § 4705(a).

2. "(a) Rate—There shall be imposed an internal revenue tax upon narcotic drugs, produced in or imported into the United States, and sold, or removed for consumption or sale, at the rate of 1 cent per ounce, and any fraction of an ounce in a package shall be taxed as an ounce. The tax imposed by this subsection shall be in addition to any import duty imposed on narcotic drugs.
(b) *By whom paid.*—The tax imposed by subsection (a) shall be paid by the importer, manufacturer, producer, or compounder."
26 U.S.C.A. § 4701.

3. "Every person so possessing or disposing of such pharmaceutical preparation shall register as required in section 4722 and, if he is not paying a tax under section 4721, shall pay a special tax of $1 for each year, or fractional part thereof, in which he is engaged in such occupation, to the official in charge of the collection district in which he carries on such occupation as provided in sub-part C."
26 U.S.C.A. § 4702(a) (2) (C).

4. "It shall be unlawful for any person who has not registered and paid the special tax provided for by this sub-part or section 4702(a) to have in his possession or under his control narcotic drugs; and such possession or control shall be presumptive evidence of a violation of this subsection and subsection (a), and also a violation of the provisions of sections 4721 and 4722 * * *."
26 U.S.C.A. § 4724(c).

5. "Whoever commits an offense, or conspires to commit an offense, described in section 4705(a) or section 4742(a) shall be imprisoned not less than 5 or more than 20 years and, in addition, may be fined not more than $20,000. * * *"
26 U.S.C.A. § 7237(b).
Section (d) provides that this five years must be served.
—Upon Conviction—
(1) of any offense the penalty for which is provided in subsection (b) of this section, * * *
* * * * *
the imposition or execution of sentence shall not be suspended, probation shall not be granted and in the case of a violation of a law relating to narcotic drugs, section 4202 of title 18, United States Code, and the Act of July 15, 1932 (47 Stat. 696; D.C.Code 24–201 and following), as amended, shall not apply.
26 U.S.C.A. § 7237(d). This statute is constitutional, Lathem v. United States, *infra*, see Part III, *infra*.

6. The Trial Judge sentenced Appellant to five years on count two thinking that this was the minimum mandatory sentence provided by the statute. The Judge and Appellant's counsel apparently labored under the mistaken belief that first-time possession of heroin (this was Appellant's first offense) carries a mandatory five-year penalty. This is not correct under 26 U.S.C.A. § 7237. A minimum sentence of two years with the possibility of suspension of sentence, probation or parole is provided:
"—Whoever commits an offense, or conspires to commit an offense, described in part I or part II of chapter 39 for which no specific penalty is otherwise provided, shall be imprisoned not less than 2 or more than 10 years and, in addition, may be fined not more than $20,000."

concurrently. On appeal Appellant asserts four grounds for reversal: (i) entrapment was established as a matter of law, (ii) the jury should have been instructed that each count carried a mandatory five-year sentence, (iii) five years imprisonment is cruel and unusual punishment, and (iv) the conviction under count two (the possession count) violates the Fifth Amendment privilege against self-incrimination under the authority of Leary v. United States, 1969, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57.[7]

Contentions (i), (ii), and (iii) are apparently aimed at the convictions and sentences under both counts. As to count one we find them to be without merit and affirm the conviction under the first count. Under the concurrent sentence doctrine we do not discuss contentions (i), (ii), and (iii) as to count two (see note 6, *supra*). This leaves only (iv), which applies only to count two, and we pretermit discussion of it.

The evidence showed that on June 28, 1967, Menendez, a paid informer for the Florida Bureau of Narcotics, pursuant to a pre-arranged plan with a Florida State Board of Narcotics undercover agent Sanchez, asked Appellant if he cared to sell "something to somebody." Appellant agreed to do so and later that day arranged and consummated a sale of heroin with Sanchez. After the capsules had ben analyzed, a warrant was issued for Appellant, and he was later apprehended.

### I. Entrapment

At the trial Appellant testified that he had been threatened and coerced into making the sale. He contends that this coercion constituted entrapment as a matter of law and that his motion for acquittal should have been granted on this ground. But the only evidence of entrapment came from Appellant himself and is contradicted to a great extent by Menendez.

In Sherman v. United States, 1958, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848, the Supreme Court held that entrapment was established as a matter of law under the test of Sorrells v. United States, 1932, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413, when the evidence showed petitioner had repeatedly refused to sell narcotics to a supposedly suffering informant but was finally overborne and prevailed upon to make the sale only after repeated requests predicated on the pretended suffering. In Suarez v. United States, 5 Cir., 1962, 309 F.2d 709, we stated that

> "Clearly, the question as to whether the government officials merely afforded the defendant an opportunity to commit a crime, which the defendant voluntarily committed when such opportunity afforded itself; or whether the offense originated in the mind of the government agent who lured the defendant into its commission, is an issue to be decided by a jury, unless the evidence admits of no other interpretation but that the defendant was entrapped."

309 F.2d at 711. We stated this in Lathem v. United States, 5 Cir., 1958, 259 F.2d 393.

26 U.S.C.A. § 7237(a).
Section 4724(c) is in part of subchapter A of chapter 39. Section 7237(d), note 5, *supra*, providing that sentences must be served, does not apply to section (a) unless it is the offender's second or subsequent offense.

Of course, the erroneous assumption has no effect on the validity of Appellant's five-year sentences under count one. Because the sentence under count one must stand, there is no point in discussing the effect of the mistaken belief on the five-year concurrent sentence under count two. We therefore pretermit it (see part IV, *infra*).

7. This is not a *Leary* case since it deals with heroin (covered generally by 26 U.S.C.A. §§ 4701–4736), not marihuana (covered generally by 26 U.S.C.A. §§ 4741–4762). As to count one the *Leary* principles have been rejected by Minor v. United States, 1969, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283. As to count two and the principles of *Leary*, see part IV, *infra*.

■ The evidence in the instant case does not meet these requirements. Appellant's testimony that he was threatened by Menendez was specifically contradicted by Menendez. This obviously set up a credibility question for the jury.

"Indulging a presumption in favor of the Government as we must do on appeal, we conclude that there was ample evidence for the jury to find that Suarez was not entrapped."

*Suarez, supra,* at 711.

## II. The Court's Charge

■ Appellant's second contention —that the Court should have advised the jury that conviction for sale carries a mandatory minimum five-year term without probation (see note 5, supra)— flies in the face of our holding in Pope v. United States, 5 Cir., 1962, 298 F.2d 507, cert. denied, 381 U.S. 941, 85 S.Ct. 1776, 14 L.Ed.2d 704. There we stated: "To inform the jury [concerning] matters relating to disposition of the defendant, tend to draw the attention of the jury away from their chief function as sole judges of the facts, open the door to compromise verdicts and to confuse the issue or issues to be decided." It is the function of the jury to determine the facts and thereby the guilt or innocence of the defendant. It is the function of the judge to impose sentence. Recognizing that ordinarily there is no reason why the jury should be advised of something that has nothing to do with its duty, Appellant contends that knowledge of the mandatory nature of the sentence would make the jury take a closer look at the evidence before them on the issue of guilt. But this is not the jury's function. The jury is to find guilt or innocence on the basis of the legal standards set out in the Judge's charge, and the consequence in terms of punishment is a matter for Congress on mandatory sentences or for the Court within limits fixed by the statute.

## III. Cruel and Unusual Punishment

■ Appellant's third contention is that five years for a first offender with a good record is cruel and unusual punishment. But without more, we adhere to *Lathem, supra,* which holds the opposite—that five years without probation for a first offense is not cruel and unusual punishment.

## IV. Self-Incrimination

■ Appellant's *Leary* contention is aimed only at the conviction on count two (possession by one who has not registered and paid the tax). We pretermit discussion of this issue under the concurrent sentence doctrine.

After Minor v. United States, 1969, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 there can be no doubt of the constitutionality of § 4705(a) and Appellant's conviction on count one. We have shown that Appellant's other contentions as to this count do not require its reversal either. Since the sentence under count one is legislatively fixed at a five-year minimum and cannot be suspended, probated, or the prisoner given parole (note 5, *supra*), a wrestling match with the *Leary* question under count two is unnecessary. Even if we sided with Appellant, our aid would be useless because he would still have to serve the five years on count one. Remand for resentencing would accomplish nothing. United States v. Bigham, 5 Cir., 1970, 421 F.2d 1344 [Jan. 28, 1970]; United States v. Barsaloux, 5 Cir., 1969, 419 F.2d 1299, cert. denied, 1970, 397 U.S. 972, 90 S.Ct. 1087, 25 L.Ed.2d 265; Hirabayashi v. United States, 1943, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774; see Benton v. Maryland, 1969, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707; cf. United States v. Hooper, D.C.Cir., 1970 [6 Crim.Law Rep. 2415.]

Affirmed.