431 F.2d 567
 Archie Raymond STREATOR, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 28901 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 September 17, 1970.
 
 Archie Raymond Streator, pro se.
 Joseph W. Hatchett, Asst. U. S. Atty., Jacksonville, Fla., John L. Briggs, U. S. Atty., Middle District of Florida, Rudy Hernandez, Asst. U. S. Atty., Middle District of Florida, for appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Archie Raymond Streator appeals from the denial of his motion to vacate judgment and sentence, 28 U.S.C. § 2255, relative to three Dyer Act[1] convictions. We affirm.
 
 
 2
 Appellant has contended (1) that he did not know of his right to trial by jury; (2) that he believed he had to plead guilty after waiving grand jury indictment; and (3) that he was in fact not guilty of the Dyer Act violation alleged in Count Two of the indictment, because he only arranged the auto theft whereas another man transported the vehicle across state lines.
 
 
 3
 The district court denied relief without an evidentiary hearing, based on the files and records, including the transcripts of the arraignment and sentencing proceedings.
 
 
 4
 As the court below held, the transcript shows that Streator admitted his guilt of the offenses in open court, after FBI Special Agents had testified as to the factual basis for the pleas. When asked, "Are those statements of the Special Agent substantially correct"? the appellant answered, "Correct, Judge."
 
 
 5
 The transcript shows that the court did not specifically inform Streator of his right to trial by jury. This advice should be given in compliance with Rule 11, F.R.Crim.P., as amended in 1966. McCarthy v. United States, 1969, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418. The standards announced in McCarthy, however, are not to be retroactively applied. Halliday v. United States, 1969, 394 U.S. 831, 89 S. Ct. 1498, 23 L.Ed.2d 16.
 
 
 6
 The question remains whether the appellant was entitled to an evidentiary hearing on his contention that he did not know of his right to a jury trial, hence his plea was not understandingly made. More specifically, at this stage of the proceeding, the question is whether the case should be remanded to the district court for findings of fact on the point which were not made. We think not, although our affirmance of the judgment is based on a different reason than that stated by the district court. Paul v. Dade County, 5th Cir.1969, 419 F.2d 10. We affirm on the basis of the concurrent sentence doctrine.
 
 
 7
 Appellant's § 2255 motion attacks the validity only of the judgment of conviction for the Dyer Act violations, for which he was sentenced on July 18, 1964 to serve a total of fifteen years. This sentence was ordered to run concurrently with five other concurrent sentences of fifteen years imposed on the same date, for counterfeiting violations.[2]
 
 
 8
 Appellant makes no attack on the counterfeiting judgments, as to which we have previously held that the guilty pleas were voluntarily and understandingly made[3] when the appellant was mentally competent.[4] As to the counterfeiting cases, Streator was apprised of his right to trial by the printed provisions of the Rule 20 consent to transfer forms which he signed.
 
 
 9
 We deem it appropriate to apply the concurrent sentence doctrine in this case, rather than to adjudicate the merits of the appellant's contentions concerning his Dyer Act convictions. See United States v. Del Toro, 5th Cir.1970, 426 F.2d 181; United States v. Wong, 9th Cir.1970, 425 F.2d 1077; United States v. Bearden, 5th Cir.1970, 423 F. 2d 805; United States v. Bigham, 5th Cir.1970, 421 F.2d 1344; United States v. Barsaloux, 5th Cir.1969, 419 F.2d 1299, cert. denied 397 U.S. 972, 90 S.Ct. 1087, 25 L.Ed.2d 265; Bowie v. Beto, 5th Cir.1969, 416 F.2d 968; Brown v. Beto, 5th Cir.1967, 377 F.2d 950.
 
 
 10
 The judgment of the district court is affirmed.
 
 
 
 Notes:
 
 
 *
 [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I
 
 
 [1]
 18 U.S.C. § 2312
 
 
 [2]
 18 U.S.C. §§ 471, 472
 
 
 [3]
 Streator v. United States, 5th Cir. 1968, 395 F.2d 661
 
 
 [4]
 Streator v. United States, 5th Cir. 1966, 367 F.2d 384