UNITED STATES of America,
Appellee,

v.

Alexander J. RAMANTANIN, Appellant.

No. 71–1300.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 1, 1971.

Decided Dec. 21, 1971.

James J. Raman, Spartanburg, S. C. (Robert A. Clay, Greenville, S. C., on brief), for appellant.

Jack L. Marshall, Asst. U. S. Atty. (John K. Grisso, U. S. Atty., on brief), for appellee.

Before BOREMAN, Senior Circuit Judge, and RUSSELL and FIELD, Circuit Judges.

FIELD, Circuit Judge:

Alexander J. Ramantanin appeals from his conviction in the District of South Carolina on each count of a three count indictment. The indictment

charged the defendant with wilfully and knowingly attempting to evade income taxes for the years 1963, 1964 and 1965 by filing false and fraudulent returns with the District Director of Internal Revenue for South Carolina in violation of 26 U.S.C. § 7201. Ramantanin was tried by a jury which returned a verdict of guilty on all three counts.

During the years in question Ramantanin was a legal resident of Spartanburg, South Carolina, where he was primarily engaged in the operation of a restaurant. On this appeal the defendant initially challenges his conviction upon the ground that the Government failed to establish that venue was properly laid in the District of South Carolina. Apparently the basis for the defendant's contention on this point is the fact that early in the year 1965 the Southeast Service Center at Chamblee, Georgia, a government record repository, was authorized to receive tax returns of individuals required to file with the District Director of South Carolina, and later in 1967 South Carolina taxpayers were authorized to file their returns either at the Center or with the District Director in Columbia, South Carolina.

■ We find no merit in this contention of the defendant. As a resident of Spartanburg he was required under Section 6091 of the 1954 Internal Revenue Code to file his return with the District Director of the Internal Revenue Service for South Carolina. The defendant's original tax returns for the indictment years were admitted in evidence without objection and show that they were in fact filed with the District Director at Columbia. The defendant's amended returns for the indictment years were also admitted as exhibits in this case and, while they were filed at the Center in Georgia, each of these returns indicates that the original return had been filed with the District Director in Columbia. In the light of these circumstances it is clear that the District of South Carolina was the proper venue for the prosecution of the defendant.

Counsel for defendant filed a pretrial motion to suppress all oral and documentary evidence furnished to agents of the Internal Revenue Service during the course of their investigation of this case, contending that the failure of the agents to advise him of his constitutional rights contravened the Fourth, Fifth and Sixth Amendments of the Federal Constitution. In pressing this contention, the defendant, of course, relies heavily upon Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The District Court held a full hearing relative to the suppression motion and thereafter, in denying the motion, made definitive findings of fact and conclusions of law.

A review of the record persuades us that the action of the District Judge in denying this motion was eminently sound. The initial interview of the defendant was conducted at his place of business on July 21, 1966, by Revenue Agent Richard F. Murphy. The defendant was advised that the agent desired to examine his income tax records for the subject years and although the defendant had no formal books or business records, he submitted his bank statements, cancelled checks and deposit tickets for inspection. On that occasion the defendant also gave Murphy some general information relative to his business operations. On February 14, 1967, B. R. Lee, a special agent of the Intelligence Division, accompanied Agent Murphy to the defendant's restaurant for a further interview. The defendant was well aware that Lee was a special agent and was advised that his case had been referred to the Intelligence Division for investigation. During this interview the defendant gave the agents information with respect to his personal and business income as well as various asset items. The defendant's safety deposit box was inventoried by the agents on the following day. Subsequent interviews were held at Ramantanin's restaurant on three occasions in March and April, 1967, during which various facets of the

defendant's business and personal affairs were disclosed to the agents.

On April 19, 1967, additional instructions regarding the conduct of criminal fraud investigations which had been promulgated by the Internal Revenue Service were received in the office of the District Director in Columbia and thereupon were issued to all special agents of the Intelligence Division of that District. On June 14, 1967, Special Agent Lee again interviewed the defendant at the office of the Internal Revenue Service in Spartanburg. This was the first interview with the defendant subsequent to the issuance of the instructions by the District Director relative to criminal fraud investigations, and on that occasion Lee gave the defendant the full *Miranda* warnings.

 At the hearing on the suppression motion counsel for defendant conceded that on no occasion was the defendant under arrest or in custody, and further stated that the agents used no threats, coercion or any form of deception in their dealings with the defendant during the investigation. Under these circumstances, the conclusion of the District Judge that the conduct of the agents did not impinge upon the constitutional rights of the defendant was correct. As stated in United States v. Browney, 421 F.2d 48, at 51 (4 Cir. 1970):

> "The law in this circuit is clear that one is not entitled to notice of a right to counsel prior to an interview during which he is neither in custody nor 'deprived of his freedom of action in any significant way' and where there is no evidence of coercion or intimidation on the part of the tax agents conducting the interview."

Since, as we have noted, at the first interview subsequent to the receipt of the revised fraud instructions of the Internal Revenue Service, Special Agent Lee appropriately advised the defendant of his constitutional rights, we are not confronted here with any question of noncompliance with agency regulations, *cf.* United States v. Heffner, 420 F.2d 809 (4 Cir.1969).

 The defendant further contends that the trial court erroneously permitted the Government to put in evidence tax returns filed by him for the three years prior to those covered by the indictment, claiming that no proper foundation was laid for the admission of such evidence. A review of the record indicates beyond question that the defendant had understated his income on these tax returns for pre-indictment years, and accordingly they were properly admissible for the purpose of showing his intent and wilfulness. The District Judge carefully pointed out to the jury the limited purpose for which this evidence was admitted, and his ruling on this evidentiary question is supported by the overwhelming authority in this and other Circuits. Hamman v. United States, 340 F.2d 145 (9 Cir.1965); Morrison v. United States, 270 F.2d 1 (4 Cir.1959).

 Finally, the defendant charges that the trial judge led the jury to believe that the defendant would receive no commitment in the event he was convicted. This contention of the defendant is utterly frivolous. Early in his closing argument, counsel for defendant referred to the efforts of the Government to send his client to jail. After a second such reference, the Court interrupted the attorney with the observation that the question of punishment was no concern of the jury but rested solely with the judge. This action of the Court was not only proper, but was required in the light of the improper remarks of defense counsel. See May v. United States, 84 U.S.App.D.C. 233, 175 F.2d 994 (1949).

The judgment of conviction is affirmed.