UNITED STATES of America, Appellee,

v.

Edward Patrick O'BRIEN, Appellant.

No. 79–1635.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 8, 1979.

Decided Nov. 20, 1979.

William L. Kutmus, Des Moines, Iowa, for appellant.

Roxanne Barton Conlin, U.S. Atty. and Christopher D. Hagen, Asst. U.S. Atty., Des Moines, Iowa, for appellee.

Before GIBSON, Chief Judge, and ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

Appellant was convicted on Count IX (substantive count) and Count XIV (conspiracy count) of a fourteen-count indictment charging the interstate transportation of motor vehicles, knowing them to be stolen, in violation of 18 U.S.C. §§ 2312, 2 and 371. This appeal is limited to claims of trial court[1] error in refusing to read to the jury during its deliberations all of the cross-examination of the witness Schlotzhauer, and further error in connection with the trial court's refusal to grant a mistrial when one juror, after deliberations had begun, requested to be removed from the jury panel "due to the fact that my decision would not be fair to the U.S. people or to the defendant." We affirm.

After approximately five and one-half hours of deliberation, the jury delivered a note to the court indicating it had reached a stalemate. The matter was discussed in chambers with counsel. Defendant counsel's motion for a mistrial on the grounds that to continue deliberations would be coercing a verdict was denied. The jury was then brought into the courtroom, at which point the foreman requested a transcript of the testimony of two government witnesses, Schlotzhauer and LoHoff. Later it was alternatively requested that the testimony be read to the jury. Defense counsel, out of the presence of the jury, objected to a reading of the testimony. The Court advised the jury that the request would be considered and suggested the jury should consider retiring for the evening, which it did.

The next morning, in a conference with the court, counsel agreed that the transcript of testimony should not be read at that time and the court should admonish the jury to continue its deliberations. This was done.

That afternoon the court received two notes. One, from a juror, stated:

I, Charles Beidler, would like to ask the Court to be removed from the jury, due to the fact that my decision would not be fair to the U.S. people or to the defendant.

The second note, which was from the foreman, indicated the jury remained at a stalemate.

In chambers defendant moved for a mistrial based on juror Beidler's note, which motion was denied. Defendant again objected to the reading of the transcript but, without waiving his earlier objections, agreed to an *Allen* charge. The government objected to an *Allen* charge and recommended that the transcripts of the testimony be read to the jury.

The parties arrived at a compromise regarding the reading of the testimony which would allow the jury to hear the portion of the testimony requested, plus cross-examination and the defendant's entire testimony. Thereafter the court announced that the testimony would be read as agreed, except that a short passage of the cross-examination of the witness Schlotzhauer regarding the maximum sentence for interstate transportation of a stolen motor vehicle would be omitted for the reason "that it is not the jury's prerogative to know that five years for each count of interstate transportation of a motor vehicle is, in fact, at least what Mr. Kutmus believes the pen-

---

1. The Honorable Donald E. O'Brien, United States District Judge for the Northern and Southern Districts of Iowa, presiding, imposed concurrent sentences of four years imprisonment.

alty to be."[2] The defendant strenuously objected to the reading with the objectionable material omitted.

The reading of the testimony to the jury, including breaks, took approximately three hours. Following the reading, juror Beidler inquired through the marshal to the court as to when he (Beidler) would get an answer to his note. The court did not respond to Beidler's note. Defendant again moved for a mistrial, noting the earlier reports of deadlocks, the lengthy deliberations, the one juror's inability to reach a verdict, and the lateness of the hour. At 11:55 p. m. the jury returned its verdict of guilty on the two counts. Defense counsel then polled the jury, and each of the jurors, including Beidler, stated that it was his verdict.

■ We are not persuaded that the trial court abused its discretion in refusing to highlight by reading to the jury the testimony as to the maximum penalty for the crime with which the defendant was charged. The matter of assessing penalty is exclusively within the province of the court, and the jury's sole purpose is to determine the facts and thereby the guilt or innocence of the defendant. *United States v. Wilson*, 506 F.2d 521, 522 (9th Cir. 1974); *United States v. Johnson*, 502 F.2d 1373, 1377–78 (7th Cir. 1974), *cert. denied*, 420 U.S. 977, 95 S.Ct. 1402, 43 L.Ed.2d 657 (1975); *United States v. Ramantanin*, 452 F.2d 670, 672 (4th Cir. 1971); *United States v. Del Toro*, 426 F.2d 181, 184 (5th Cir.), *cert. denied*, 400 U.S. 829, 91 S.Ct. 58, 27 L.Ed.2d 60 (1970). To emphasize the penalty tends to draw the attention of the jury

away from their chief function as sole judges of the facts, to open the door to compromise verdicts, and to confuse the issues to be decided. *Del Toro, supra.* See 1 Devitt & Blackmar, Federal Jury Practice and Instructions § 18.02 (3d ed. 1970).

Furthermore, the cross-examination of witness Schlotzhauer had been thorough and searching. The omission from the reading to the jury of that portion of testimony of the brief reference to the penalty involved was clearly within the discretion of the trial court. *United States v. Headid*, 565 F.2d 1029, 1031 (8th Cir. 1977); *see also United States v. King*, 552 F.2d 833, 849–50 (9th Cir. 1976), *cert. denied*, 430 U.S. 966, 97 S.Ct. 1646, 52 L.Ed.2d 357 (1977).

■ Appellant's final contention is that the court erred in not granting a mistrial in view of juror Beidler's request that he be removed from the jury because his decision "would not be fair to the U.S. people or to the defendant." We disagree. It is our view that under the circumstances the court's patience in allowing the jury to continue its deliberations without comment was a proper exercise of discretion.[3] It is not uncommon for jurors to become frustrated during the course of their deliberations. They have a difficult task. Patience and understanding on the part of the trial court is often helpful. In this case the trial court's decision was the most reasonable alternative. The jury returned its verdict less than three hours after the juror's inquiry as to when he would get an answer to his note requesting release as a juror. The

2. The pertinent testimony read to the jury— questions by defense attorney Kutmus and answers of witness Schlotzhauer—is set out below. The omitted testimony is underscored.
    Q. How many charges could they file against you, a hundred?
    A. Probably.
    Q. Do you know what the punishment is?
    A. Yes.
    Q. What did they tell you?
    A. Probably put me in jail and put the key away and send my mail to a groundhog.
    Q. Did they tell you that a stolen vehicle in interstate commerce is five years each count?
    A. Yeah.
    Q. Could you have gone, technically, to perhaps 500 years in prison?

    A. Probably.
    Q. Is that motivating you to testify today?
    A. That had nothing to do with testifying today.
    Q. How about last week or whenever, the threat of 500 years doesn't bother you?
    A. No, it doesn't bother me.

3. Cf. *United States v. Weiner*, 578 F.2d 757, 764–65 (9th Cir.), *cert. denied*, 439 U.S. 981, 99 S.Ct. 568, 58 L.Ed.2d 651 (1978) (court gave a modified *Allen* instruction); *United States v. Dozier*, 522 F.2d 224, 227–28 (2d Cir.), *cert. denied*, 423 U.S. 1021, 96 S.Ct. 461, 46 L.Ed.2d 394 (1975) (jury was instructed to continue its deliberations); 1 Devitt & Blackmar, Federal Jury Practice and Instructions § 18.14 (3d ed. 1970).

jurors, including Beidler, were individually polled, and each juror affirmed the verdict without reservation.

Affirmed.