913 F.2d 981
 286 U.S.App.D.C. 215
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America,
v.
Terrence I. BROXTON, Appellant.
 No. 89-3225.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 17, 1990.
Rehearing and Rehearing En Banc Denied Nov. 14, 1990.
Opinion Issued Feb. 1, 1991.
 
 Appeal from the United States District Court for the District of Columbia; Cr. No. 89-0224-01.
 Wald, Chief Judge; Ruth B. Ginsburg and Sentelle, Circuit Judges.
 
 PER CURIAM
 
 1
 This appeal was Considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues Presented occasion no need for a Published opinion. See D.C. Cir. Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction and sentence be affirmed for the reasons stated in the accompanying memorandum. It is
 
 
 3
 FURTHER ORDERED that appellant's motion for an extension of time to file a petition for rehearing or rehearing en banc be denied.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C. Cir. Rule 15.
 
 MEMORANDUM
 
 5
 Broxton challenges the district court's denial of his suppression motion on the ground that the search was not consensual. Crediting Officer Buss's testimony, however, the district court did not err in finding that Broxton submitted, without coercion, to the search of his person, see Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973) (voluntariness of search is determined by totality of the circumstances); United States v. Smith, 901 F.2d 1116 (D.C. Cir. 1990); United States v. Maragh, 894 F.2d 415 (D.C. Cir. 1990). We note specifically the absence of any precedent distinguishing, for the purpose of voluntariness determinations, between a search of a person and a search of personal luggage.
 
 
 6
 Broxton next urges that the district court used an unfair method to select the jury. The "Arizona" method, Broxton claims, deprived him of the opportunity to "put the last juror in the box" and to observe the "chemistry of the jury cross-section at any particular time." Broxton maintains that jury selection should have been conducted round by round.
 
 
 7
 The district court has broad discretion to determine the method of exercising peremptory challenges. See Pointer v. United States, 151 U.S. 396, 408-10 (1894). It suffices that the method chosen allows the defendant to make his peremptory challenges without embarrassment and does not intimidate him from exercising them. Id. at 408; see also United States v. Smith, 891 F.2d 935, 938 (D.C. Cir. 1989). The method employed by the district court did not lessen Broxton's ability to exercise his peremptory challenges without embarrassment or intimidation. Moreover, as the defendant had no constitutionally Protected right to exercise the final peremptory see United States v. Smith, 891 F.2d at 938, his objection to the method of jury selection is insubstantial.
 
 
 8
 Broxton further contends that the jurors should have been informed that he would receive a mandatory minimum sentence of ten years if convicted. He also asserts that the district court erred by instructing the jurors that they "should" find him guilty of the offenses charged if they find the government proved every element of the offense beyond a reasonable doubt. Neither of these challenges has merit.
 
 
 9
 In non-capital cases, fixing punishment is not the function of the jury. See, e.g., United States v. Patrick, 494 F.2d 1150, 1153 (D.C. Cir. 1974). Hence, the jury is not to consider the potential punishment which could result from a conviction. See, e.g., United States v. Cox, 696 F.2d 1294, 1298 (11th Cir. 1983), cert. denied, 464 U.S. 827 (1984). Accordingly, the district court committed no error in refusing to inform the jury about the mandatory minimum sentence. See United States v. Goodface, 835 F.2d 1233 (8th Cir. 1987); Chapman v. United States, 443 F.2d 917, 920 (10th Cir. 1971); United States v. De Toro, 426 F.2d 181, 184 (5th Cir.), cert. denied, 400 U.S. 829 (1970).
 
 
 10
 Similarly, the district court did not err by instructing the jurors that they "should" return a guilty verdict if they find that the government proved its case beyond a reasonable doubt. This court sanctioned the use of this language in Billeci v. United States, 184 F.2d 394, 399 (D.C. Cir. 1950). See generally United States v. Berrera, 486 F.2d 333, 339 (2d Cir. 1973), cert. denied, 416 U.S. 940 (1974) (upheld instruction that jury had a "duty to convict" if the government proved each element of the offense beyond a reasonable doubt).
 
 
 11
 Broxton additionally argues that the application of a mandatory minimum sentence deprives him of due process and equal Protection. His pleas of Unconstitutionality, however, are unavailing.
 
 
 12
 First, mandatory minimum sentences have been upheld as a valid exercise of legislative prerogative. See, e.g., United States v. Thomas, 884 F.2d 540, 543 (10th Cir. 1989); United States v Erves, 880 F.2d 376, 379 (11th Cir.), cert. denied, 110 S. Ct. 416 (1989). Second, equal protection arguments challenging the limited availability of 18 U.S.C. 3553have failed. See United States v. Musser, 856 F.2d 1484, 1487 (11th Cir. 1988), cert. denied, 109 S. Ct. 1145 (1989) (Section 3553held not to discriminate against suspect class and was rationally related to law enforcement Purposes). Third, the Sentencing Guidelines do take into account the criminal history of the defendant. The statutory sentencing range would have been higher than 97 to 121 months if Broxton had a prior conviction; the mandatory minimum under 21 U.S.C. 841(b)(1) would increase to 20 years if Broxton had a prior conviction for a felony drug offense. Thus, the fact that Broxton had no prior criminal record was taken into account when he was given a sentence no higher than the mandatory minimum.
 
 
 13
 Finally, Broxton pleads that his sentence should shock the conscience of the court. He claims that a similarly situated defendant received a 30-month sentence as a result of a plea bargain whereas Broxton was not given the option of a plea agreement and received a 120-month term.
 
 
 14
 But plea bargaining is not a right guaranteed to defendants. See United States v. McCoy, 767 F.2d 395 (7th Cir. 1985). The offense of which Broxton was convicted carries a mandatory term; others convicted of the same crime are sentenced to the same term. Thus, there is no basis for arguing that he was unfairly deprived of his liberty.