[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 2, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13321
Non-Argument Calendar

_____

D. C. Docket No. 07-20994-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE M. MUENTES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 2, 2009)

Before BIRCH, BLACK and HULL, Circuit Judges.

PER CURIAM:

Jorge M. Muentes appeals his convictions for attempting to induce a minor to engage in a commercial sex act, in violation of 18 U.S.C. § 2422(b) (Count 1), and attempting to travel in foreign commerce to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(e) and (b) (Count 2). The convictions stem from Muentes' contacts with an undercover FBI agent to arrange a trip to Costa Rica for the purpose of having sex with 14- to 16-year-old prostitutes. Muentes raises four issues on appeal: (1) whether the evidence was sufficient to support Muentes' convictions, (2) whether the district court erred by instructing the jury regarding the intent requirement in Count 1, (3) whether the district court abused its discretion and violated Muentes' Sixth Amendment rights by denying his motion to inform the jury of the statutory mandatory minimum sentence for Count 1, and (4) whether the government improperly shifted the burden of proof by repeatedly asking a witness whether Muentes had withdrawn his request for 14- to 16-year-old prostitutes. Upon review of the record and the parties' briefs, we affirm Muentes' convictions because none of his arguments raises reversible error.

## I.

"We review the sufficiency of evidence to support a conviction *de novo*, viewing the evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict."

*United States v. Taylor*, 480 F.3d 1025, 1026 (11th Cir.), *cert. denied*, 128 S. Ct. 130 (2007). However, when the defendant fails to object in the district court, our review is only for plain error. *United States v. Hunerlach*, 197 F.3d 1959, 1968 (11th Cir. 1999). If the defendant fails to preserve an argument in his motion for judgment of acquittal, we are precluded from reviewing the sufficiency of the evidence except where a miscarriage of justice would result, which requires finding "the evidence on a key element of the offense is so tenuous that a conviction would be shocking." *United States v. Tapia*, 761 F.2d 1488, 1491-92 (11th Cir. 1985) (per curiam).

In the present case, Muentes failed to preserve his claim of insufficient evidence as to either count. Therefore, we review the sufficiency of the evidence only for plain error. *Hunerlach*, 197 F.3d at 1968.

## A.    18 U.S.C. § 2422(b) (Count 1)

Muentes argues he could not have intended to induce a minor to engage in illegal sex acts without actually speaking to a person who he believed to be a minor or to be acting on behalf of a minor. He further argues his actions were too attenuated to constitute inducement because he never communicated his requests to a second intermediary in Costa Rica, the individual actually responsible for all escort arrangements. Finally, Muentes contends he cannot have induced a minor

3

to engage in unlawful sexual activity when the minor was already engaged in prostitution.

Section 2422(b) states, in relevant part:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined [and imprisoned].

18 U.S.C. § 2422(b). This statute criminalizes both the completed offense and an attempt to commit the offense. *See id.*; *see also United States v. Root*, 296 F.3d 1222, 1227 (11th Cir. 2002). To sustain a conviction for the crime of attempt, the Government need only prove (1) the defendant had the specific intent to engage in the criminal conduct for which he is charged and (2) he took a substantial step toward commission of the offense. *See United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1369 (11th Cir. 1994). In the context of § 2422(b), this requires a showing that the defendant, using a facility of interstate commerce, "acted with a specific intent to persuade, induce, entice, or coerce a minor to engage in unlawful sex." *United States v. Murrell*, 368 F.3d 1283, 1286 (11th Cir. 2004). "The underlying criminal conduct that Congress expressly proscribed in passing

4

§ 2422(b) is the persuasion, inducement, enticement, or coercion of the minor rather than the sex act itself." *Id.*

In *Murrell*, this Court rejected the argument that direct communication with a minor or supposed minor is necessary under the text of § 2422(b). *Id.* at 1288. In doing so, this Court noted the term "induce" is not ambiguous and means "to stimulate the occurrence of; cause." *Id.* at 1287 (alternation omitted). This Court then held that, by contacting an undercover police officer, who was posing as an adult man with a fictitious teen daughter, to "cause the minor to engage in sexual activity with him," the defendant had the necessary specific intent to violate the attempt provision of § 2422(b). *Id.* at 1287-88. This Court reasoned that the defendant communicated with an adult who he believed to be the father of the teen girl and who "presumably exercised influence over [her]" and that "the efficacy of § 2422(b) would be eviscerated if a defendant could circumvent the statute simply by employing an intermediary to carry out his intended objective." *Id*. at 1287.

Here, although Muentes negotiated with a purported pimp rather than a purported father, this distinction does not change the outcome. By negotiating with a purported pimp, an adult who presumably exercised influence over prospective minor prostitutes, Muentes attempted to stimulate or cause a minor to engage in sex with him. *See Murrell*, 368 F.3d at 1287.

5

With regard to Muentes' attenuation argument, this Circuit has not yet reviewed a scenario in which the second intermediary provides an additional layer of separation between a defendant and a minor. Given the absence of any case law on point, there cannot have been an error that is plain. *See United States v. Evans*, 478 F.3d 1332, 1338 (11th Cir. 2007). Notwithstanding the absence of plain error, Muentes' conduct still fits within the element of attempted inducement. The relevant intent is Muentes' intent to induce a minor to engage in unlawful sex, not whether a minor was actually induced. *See Murrell*, 368 F.3d at 1286. Muentes' communications with the FBI agent, in which he stated "let's go young, very young," and his repeated request for the book containing photos of prostitutes ranging in age from 14- to 16-years-old shows an intent on his part to cause or stimulate the occurrence of unlawful sexual contact between himself and a minor. The fact that Muentes' intent had not been fully executed is no obstacle to an attempt conviction. *See Root*, 296 F.3d at 1227 (affirming a conviction under § 2422(b) notwithstanding the fact that the "crime had not ripened into a completed offense"). Moreover, although Muentes later requested a book of adult prostitutes in addition to the book of minor prostitutes, there is no evidence to suggest he ever abandoned his repeatedly expressed desire to procure sex with a minor.

6

Finally, Muentes' argument that he cannot have induced a minor to engage in unlawful sexual activity when the minor was already engaged in prostitution is also unavailing as there is no indication § 2422(b) was intended to deter the victimization of children selectively.

Muentes' negotiations with a purported pimp, in which he repeatedly communicated his preference for minor prostitutes, shows his intent to induce a minor to engage in unlawful sexual activity. Further, because Muentes took a substantial step toward commission of the offense by paying for the travel package, which included the service of minor prostitutes, and by attempting to board a flight bound for Costa Rica, the evidence against him is not so tenuous that a conviction would be shocking. Accordingly, we affirm Muentes' conviction as to Count 1.

### B. 18 U.S.C. § 2423(b) and (e) (Count 2)

Muentes does not dispute that he attempted to travel to Costa Rica or that he repeatedly specified his preference for a 14- to 16-year-old escort, but rather that he lacked the specific intent to engage in sexual activity with a minor.

Section 2423(b) and (e) criminalizes travel and attempted travel by a United States citizen in foreign commerce with the intent to engage in illicit sexual conduct with another person. 18 U.S.C. § 2423(b) and (e). To support a

7

conviction under § 2423(b) and (e), the Government must prove the defendant traveled or attempted to travel with the intent to engage in the illegal sexual activity, which includes any sexual act with a person under 18 years of age. *See id.*; *see also Root*, 296 F.3d at 1231.

Here, Muentes initially requested an escort ranging in age between 14- to 16-years-old and held to this request throughout his negotiations with the undercover FBI agent. Moreover, Muentes contacted the agent to request assurance he would not get "busted;" it is reasonable to conclude Muentes intended to engage in illegal activity. Viewing the evidence in the light most favorable to the Government and accepting all reasonable inferences in favor of the verdict, the evidence in support of the jury's finding that sexual activity with 14- to 16-year-old girls was the purpose of Muentes' attempted foreign travel is not so tenuous that a conviction would be shocking. Accordingly, we affirm Muentes' conviction as to Count 2.

## II.

Muentes argues the jury instructions, as originally given, negated the element of inducement and lessened the Government's burden of proof.

Where the defendant challenges the jury instructions as read, we review the legal correctness of a jury instruction *de novo* but defer to the district court on

8

questions of phrasing absent an abuse of discretion. *United States v. Prather*, 205 F.3d 1265, 1270 (11th Cir. 2000). If, however, the party fails to object, we review for plain error. *United States v. Schlei*, 122 F.3d 944, 973 (11th Cir. 1997). "Jury instructions will be reversed for plain error only if, the charge, considered as a whole, is so clearly erroneous as to result in a likelihood of a grave miscarriage of justice, or the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Behety*, 32 F.3d 503, 511 (11th Cir. 1994) (quotations omitted).

Section 2422(b) of Title 18 criminalizes the use of a facility of interstate or foreign commerce to attempt to knowingly persuade, induce, entice, or coerce a minor to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense. *See* 18 U.S.C. § 2422(b). Our precedent establishes that § 2422(b) requires the Government to prove "a specific intent to persuade, induce, entice, or coerce a minor to engage in unlawful sex," not that the defendant intended to engage in unlawful sex. *Murrell*, 368 F.3d at 1286.

A review of the district court's instructions makes clear that the Government was required to prove the defendant intended to induce a minor to engage in sexual activity. A portion of the instruction stated the Government was required to prove the defendant intended to engage in some form of unlawful

9

sexual activity with the minor, which is inconsistent with this Court's holding in

*Murrell*, 368 F.3d at 1286. However, the error did not improperly guide the jury

in such a substantial way as to result in a grave miscarriage of justice as the

instructions, when read as a whole, did not negate the element of inducement, but

required the Government to satisfy a higher burden. Accordingly, we affirm as to

this issue.

III.

Muentes argues the district court violated his Sixth Amendment right to trial

by an informed jury when it denied his motion to inform the jury of the statutory

mandatory minimum sentence for his offense in Count 1.

A court's refusal to give a requested jury instruction is reviewed for abuse

of discretion. *United States v. Eckhardt*, 466 F.3d 938, 947 (11th Cir. 2006).

"The failure of a district court to give an instruction is reversible error where the

requested instruction (1) was correct, (2) was not substantially covered by the

charge actually given, and (3) dealt with some point in the trial so important that

failure to give the requested instruction seriously impaired the defendant's ability

to conduct his defense." *Id.* at 947-48.

A defendant is not entitled to an instruction informing the jury of the

consequence of a guilt or innocence finding in terms of punishment. *United States*

10

*v. Del Toro*, 426 F.2d 181, 184 (5th Cir. 1970) (rejecting the defendant's request to inform the jury of the mandatory minimum sentence).  "The jury is to find guilt or innocence on the basis of the legal standards set out in the Judge's charge, and the consequence in terms of punishment is a matter for Congress on mandatory sentences or for the Court within limits fixed by the statute." *Id.*  Moreover, defense counsel may not raise arguments that would encourage jury nullification. *See United States v. Trujillo*, 714 F.2d 102, 105-06 (11th Cir. 1983).

The district court did not abuse its discretion in declining to give the requested instruction because the instruction contravenes our established precedent.  Accordingly, we affirm as to this issue.

IV.

Finally, Muentes argues the Government improperly shifted the burden of proof by repeatedly asking its own witness whether Muentes ever withdrew his request for a 14- to 16-year-old prostitute.

Generally, we review *de novo* claims of prosecutorial misconduct, which are a mixed questions of law and fact.  *Eckhardt*, 466 F.3d at 947.  "To find prosecutorial misconduct, a two-pronged test must be met: (1) the remarks must be improper, and (2) the remarks must prejudicially affect the substantial rights of the defendant." *United States v. Eyster*, 948 F.2d 1196, 1206 (11th Cir. 1991).  To

11

meet the "prejudice" prong, the improper comments must "so infect the trial with unfairness as to make the resulting conviction a denial of due process." *Id.* (alteration omitted). Any potential prejudice regarding burden-shifting is diminished by the prosecutor's statement during closing argument that the Government alone bears the burden of proof and "the trial court's explicit instruction after closing arguments to that same effect." *United States v. Hernandez*, 145 F.3d 1433, 1439 (11th Cir. 1998).

The Government's repeated questioning after sustained objections was improper. Nevertheless, the Government's questioning did not prejudicially affect Muentes because both the Government and the district court reminded the jury that the Government alone bore the burden of proof. Accordingly, we affirm as to this issue.

**AFFIRMED.**